IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS R. MCLEAN,

Plaintiff,

vs.                                                              Case No.  20-2145-JWB-JPO

MARK A. MORGAN, in his capacity as the
Acting Commissioner of the U.S. Customs and
Border Protection (CBP) on behalf of the U.S.
Customs and Border Protection,

Defendant.

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 3)

Plaintiff Thomas R. McLean brings this action against Defendant Mark A.

Morgan, in his capacity as the Acting Commissioner of the U.S. Customs and Border

Protection (CBP), pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701 et

seq.  McLean's claims arise out of the denial of his application for the Global Entry

program, one of the Trusted Traveler Programs administered by U.S. Customs and

Border Protection ("CBP").  At the time McLean filed his complaint, he also filed a

motion for summary judgment.  (Doc. 3).

Instead of filing an answer, Defendant filed a motion to dismiss for lack of

jurisdiction and failure to state a claim, or in the alternative, to find that the Agency

Decision denying McLean's application was not arbitrary or capricious under the APA.

A Certified Copy of the Administrative Record is attached to the Defendant's dispositive

motion and an identical copy of that same Administrative Record is attached to this

response.  Defendant seeks dismissal of this case for lack of subject matter jurisdiction or

for failure to state a claim because such decisions are not subject to judicial review under

the APA. Alternatively, if this Court determines that McLean may seek judicial review of the denial of his application for the Global Entry program under the APA, Defendant seeks an order finding that the decisions challenged by Plaintiff were not arbitrary or capricious. Defendant challenges McLean's demand for a refund of the $100 fee as it was non-refundable. To the extent McLean's complaint seeks to vindicate the rights of others who have been denied application to the Global Entry program, he lacks standing to do so and that claim should be dismissed for lack of subject matter jurisdiction.

In regard to McLean's Motion for Summary Judgment on his APA claim, the Tenth Circuit has held that summary judgment standards are inapplicable to APA cases. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579–80 (10th Cir. 1994) (district court's use of summary judgment procedures "at its core, is inconsistent with the standards for judicial review of agency action under the APA. The use of motions for summary judgment or so-called motions to affirm permits the issues on appeal to be defined by the appellee and invites (even requires) the reviewing court to rely on evidence outside the administrative record. Each of these impermissible devices works to the disadvantage of the appellant. We have expressly disapproved of the use of this procedure in administrative appeals in the past, and explicitly prohibit it now.") (footnotes omitted).

Although judicial review under the APA is generally limited to the Administrative Record, courts have permitted supplementation of the administrative record under limited exceptions:

> The Tenth Circuit explicitly allows for supplementation of the administrative record if the Plaintiffs can demonstrate that "the agency's fact-finding procedures [were] inadequate." *Franklin Sav. Ass'n v. Dir., Office of Thrift Supervision*, 934 F.2d at 1141 n. 7. The Court will

2

> additionally borrow the Ninth Circuit's exceptions and allow
> supplementation of the record: (i) as necessary to determine "whether the
> agency has considered all relevant factors and has explained its decision,"
> an exception the Court concludes is functionally identical to the Tenth
> Circuit's exception; (ii) if the Plaintiffs can show that "the agency has
> relied on documents not in the record"; (iii) if "supplementing the record
> is necessary to explain technical terms or complex subject matter"; and
> (iv) if the Plaintiffs can present evidence "mak[ing] a showing of agency
> bad faith." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d
> 1443, 1450 (9th Cir.1996). Although the Tenth Circuit has not yet
> recognized these additional bases for supplementing the record, it has also
> not disclaimed them.

*Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1239–40

(D.N.M. 2014); *see Ross v. Fed. Highway Admin.*, 972 F. Supp. 552, 555 (D. Kan. 1997)

("Judicial review under the APA is limited to the administrative record with limited

exceptions. The exception pertinent here is the necessity for background information.

*See Northern Crawfish Frog (Rana Areolata Circulosa) v. Federal Highway Admin.*, 858

F. Supp. 1503, 1508 n. 6 (D. Kan. 1994) (citations omitted)"), *aff'd*, 162 F.3d 1046 (10th

Cir. 1998).

  In short, because APA challenges are typically only based on the Administrative

Record, it is inappropriate for McLean to supplement the Administrative Record by his

own recollection of events or other documents unless he can satisfy any of the limited

exceptions recognized by federal courts.  Because the Administrative Record was filed

contemporaneous with this response and the United States' dispositive motion, he

necessarily has not demonstrated at this point in time that there is a need to supplement

the Administrative Record.  Consequently, this Court should deny Plaintiff's motion for

summary judgment on those procedural bases alone.

  In the event this Court proceeds to analyze the merits of McLean's Motion for

Summary Judgment, Defendant files this response to McLean's statement of

uncontroverted facts in the manner contemplated by D. Kan. Rule 56.1.  At the outset,

Defendant notes that Plaintiff's unsworn statements are hearsay, and that any documents

that are not properly authenticated are inadmissible under summary judgment standards.

*See Jackson v. Kansas City Kansas Pub. Sch. Unified Sch. Dist. No. 500*, No. 19-3094,

2020 WL 62487, at *2 (10th Cir. Jan. 7, 2020) ("[I]t is well settled in this circuit that we

can consider only admissible evidence in reviewing an order granting summary

judgment." (quoting *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170

(10th Cir. 2009) (quotation omitted)).

### Defendant's Response to Plaintiff's Statement of Facts

1.      Uncontroverted for purposes of summary judgment.

2.      Uncontroverted for purposes of summary judgment except the phrase

"which are otherwise known as convictions" in 2(b)(i) as that appears to be an expression

of Plaintiff's opinion.

3.      Uncontroverted for purposes of summary judgment.

4.      Uncontroverted for purposes of summary judgment.

5.      Controverted as to 1 a., b., c.  In its September 30, 2019, letter denying

McLean's Application, Defendant stated:

RE: Your Global Entry Program Membership #

Dear THOMAS MCLEAN:

Thank you for your application to the Global Entry program of U.S. Customs and
Border Protection (CBP).  Global Entry is a voluntary program available to
travelers that pass a comprehensive background investigation.

Applicants found to be ineligible for Global Entry participation may still be
permitted to enter into the United States although they will not be permitted to use
the Global Entry dedicated lanes.

We regret to inform you that your membership in Global Entry has been disapproved for the following reason(s):

You have been convicted and/or arrested for a criminal offense
Application denied due to past criminality.

If you believe the decision was based upon inaccurate or incomplete information, you may be eligible to request reconsideration through the Trusted Traveler Program application website: https://ttp.dhs.gov/.

Reconsideration Requests and attachments to the Ombudsman should be in English and must include the following details:

1. Date of denial and denial reason(s) from this letter
2. Summary of information to further clarify a record or explain an incident or arrest;
3. Court disposition documentation in PDF format for all arrests or convictions, even if expunged; and/or
4. Other supporting documentation you feel may influence the Ombudsman's decision. Supported formats: PDF,
DOCX, DOC, PNG, JPEG, and GIF.

The review by the Ombudsman will be based on the information provided by you and should include any information to further clarify a record, explain an incident or arrest, or show the disposition of criminal charges. Please remember that the following circumstances may make you ineligible for participation:

1. Providing false or incomplete information on the application;
2. Convictions for any criminal offense or pending criminal charges to include outstanding warrants;
3. Violations of any customs, immigration, or agriculture regulations or laws in any country;
4. Inadmissibility to the United States under immigration laws;
5. Receipt of a criminal pardon from any country; or
6. Other circumstances that indicate to CBP that you have not qualified as "low risk."

Sincerely,

Supervisor, Global Entry Enrollment Center
U.S. Customs and Border Protection

Administrative Record at pages 8-9 of 11.

That letter provided McLean with a specific reason his application was denied:

You have been convicted and/or arrested for a criminal offense Application denied due to past criminality.

The letter also explain to provide a summary of information to further clarify a record or explain an incident or arrest; Court disposition documentation in PDF format for all arrests or convictions, even if expunged; and/or other supporting documentation you feel may influence the Ombudsman's decision. Supported formats: PDF, DOCX, DOC, PNG, JPEG, and GIF.

6.  Uncontroverted for purposes of summary judgment.

7.  Controverted.  McLean's request for reconsideration was denied by the CBP

Ombudsman in a letter dated November 4, 2019:

RE: Your Global Entry Program Membership #
Dear THOMAS MCLEAN:

Thank you for your interest in the Global Entry program of U.S. Customs and Border Protection (CBP).

A review of your membership by the CBP Ombudsman has been completed. Based on the information you provided, it has been determined that no change is warranted at this time. Please be mindful that being denied from participating in the Global Entry program does not prohibit you from being able to travel.'

If you do not know why you were denied, then you will need to submit a request for personal records to the CBP/Freedom of Information Act (FOIA) Division, in accordance with federal privacy laws. For additional information about filing a FOIA request with CBP, please visit our website: http://www.cbp.gov/site-policy-notices/foia. Additional program information is available through the Trusted Traveler Program (TTP) application website: https://ttp.dhs.gov.

Sincerely,

Ombudsman
U.S. Customs and Border Protection

Administrative Record at page 10 of 11.  The reason for the denial of McLean's application is set forth in the September 30, 2019 letter.

7.      Uncontroverted for purposes of summary judgment.

8.      Uncontroverted for purposes of summary judgment.

9.      Uncontroverted for purposes of summary judgment.

10.     Uncontroverted for purposes of summary judgment.

11.     Uncontroverted for purposes of summary judgment.

12.     Uncontroverted for purposes of summary judgment.

13.      Paragraph a. is uncontroverted for purposes of summary judgment.
        Paragraphs b., c., and d. are controverted as the documents speak for
        themselves.

14.     Uncontroverted for purposes of summary judgment.

15.     Uncontroverted for purposes of summary judgment.

**Defendant's Additional Statement of Fact**

1.      In his application for the Global Entry program, McLean provided the

following information in response to the question "Have you ever been convicted of a

criminal offense in the United States or any other country?"

Answer: Yes

Remarks:  In 1996, during my divorce, I plead nolo contendre to a single count of

Domestic Violence in Kansas. I was given 9 months of probation and anger

management class.

Country: UNITED STATES

Administrative Record at page 3 of 11.

## ARGUMENT

## I.  This Court May Not Review Plaintiff's Claims For Relief Under the APA.

McLean seeks to challenge the denial of his application for the Global Entry

program under the APA, but it is not clear that he can do so.  Defendant begins with a

general overview of the APA and then turns to the issue of whether its denial of

McLean's application for the Global Entry program is reviewable under the APA.

### A. The APA in General.

The Tenth Circuit recently summarized the general standards for reviewing

agency decisions under the APA:

> We will invalidate an agency action under § 706(2)(A) only if it is
> "arbitrary, capricious, an abuse of discretion, or otherwise not in
> accordance with law." *5 U.S.C. § 706(2)(A); accord W. Watersheds*
> *Project v. U.S. Bureau of Land Mgmt.*, 721 F.3d 1264, 1273 (10th Cir.
> 2013). To assess the agency's action, we look to "the agency's
> contemporaneous explanation in light of the existing administrative
> record." *Dep't of Commerce v. New York*, —— U.S. ——, 139 S. Ct.
> 2551, 2573, 204 L. Ed. 2d 978 (2019) (recognizing "a narrow exception"
> when there is "a strong showing of bad faith or improper behavior"). But
> we do not consider the agency's "post hoc rationalizations" for the action.
> *Sorenson Commc'ns, Inc. v. F.C.C.*, 567 F.3d 1215, 1221 (10th Cir. 2009).
> That said, if the agency relied on impermissible considerations or "entirely
> failed to consider an important aspect of the problem," then it acted
> arbitrarily and capriciously. *Ukeiley v. EPA*, 896 F.3d 1158, 1164 (10th
> Cir. 2018) (quoting *US Magnesium, LLC v. E.P.A.*, 690 F.3d 1157, 1164
> (10th Cir. 2012)). The same is true if the agency's stated rationale "runs
> counter to the evidence before [it] or is so implausible that it could not be
> ascribed to a difference in view or the product of agency expertise." *Id.*
>
> But APA review is narrow. And the arbitrary-and-capricious
> standard "is very deferential to the agency." *W. Watersheds*, 721 F.3d at
> 1273 (quoting *Hillsdale Envtl. Loss Prevention, Inc., v. U.S. Army Corps*
> *of Eng'rs*, 702 F.3d 1156, 1165 (10th Cir. 2012)). Indeed, we presume
> that an agency action is valid unless the party challenging the action
> proves otherwise. *See Dine Citizens Against Ruining Our Env't v.*
> *Bernhardt*, 923 F.3d 831, 839 (10th Cir. 2019). "Our deference to the
> agency is 'especially strong where the challenged decisions involve
> technical or scientific matters within the agency's area of expertise.'" *Id.*
> (quoting *Morris v. U.S. Nuclear Regulatory Comm'n*, 598 F.3d 677, 691
> (10th Cir. 2010)). Above all, we may not "substitute our judgment for that
> of the agency" on matters within its expertise. *Judulang v. Holder*, 565
> U.S. 42, 53, 132 S. Ct. 476, 181 L. Ed. 2d 449 (2011) (quoting *Motor*
> *Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463
> U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983)).

*Hays Med. Ctr. v. Azar*, No. 17-3232, 2020 WL 1922595, at *12–13 (10th Cir. Apr. 21,

2020).

In *W. Ref. Sw., Inc. v. U.S. Dep't of the Interior*, No. CV 16-442 JH/GBW, 2017 WL 3421393 (D.N.M. July 20, 2017), the district court collected many other legal principals helpful to understanding the APA:

The APA is not a jurisdiction-conferring statute; it does not directly grant subject matter jurisdiction to the federal courts. *See Califano v. Sanders*, 430 U.S. 99, 105 (1977); *Air Courier Conference v. Am. Postal Workers Union*, 498 U.S. 517, 523 n. 3 (1991). Rather, the judicial review provisions of the APA provide a limited cause of action for parties adversely affected by agency action. *See Bennett v. Spear*, 520 U.S. 154, 175 (1997); *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 n. 4 (1986). Although the APA does not directly grant jurisdiction, the federal question statute, 28 U.S.C. § 1331, "confer[s] jurisdiction on federal courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate." *Califano*, 430 U.S. at 105.

Judicial review under the APA is based upon "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The United States Supreme Court has explained, "the focal point for judicial review [under the APA] should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam); *accord Fla. Power & Light v. Lorion*, 470 U.S. 729, 743-44 (1985). Thus, even though judicial review rests with a district court, the district court does not act as a fact-finder. *Fla. Power & Light*, 470 U.S. at 744. Instead, "[t]he task of the reviewing court is to apply the appropriate APA standard of review ... based on the record the agency presents...." *Id.* at 743-44.

Under the APA, a reviewing court is authorized to "decide all relevant questions of law" and may either "compel agency action unlawfully withheld or unreasonably delayed" or "hold unlawful and set aside agency action, findings and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ... [or] in excess of statutory jurisdiction ... [or] without observance of procedure required by law...." 5 U.S.C. § 706. Where agency action is unlawfully withheld or unreasonably delayed, relief in the form of a mandatory injunction may issue under the APA. *See Mt. Emmons Min. Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997) (*citing* 5 U.S.C. § 706(1)). Such extraordinary relief may issue only to cure "final agency action for which there is no other adequate remedy in

court." 5 U.S.C. § 704. Agency action is defined as including "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or a failure to act." 5 U.S.C. § 551(13).

. . .

The APA provides that any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The Supreme Court has recognized that the APA "embod[ies] a basic presumption of judicial review." *Lincoln v. Vigil*, 508 U.S. 182, 190 (1993) (quotation omitted). However, judicial review of agency action is unavailable in two circumstances: "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2). . . .

According to the Supreme Court, the "committed to agency discretion" exception "is a very narrow exception," and the legislative history of the APA "indicates that it is applicable in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply,'" *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971). There is "no law to apply" where "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). Although a determination of whether there is "law to apply" often focuses on the controlling statute, the Tenth Circuit has recognized that the "law to apply" can also be derived from the agency's regulations where the agency is acting pursuant to those regulations. *See McAlpine v. United States of America*, 112 F.3d 1429, 1433 (10th Cir. 1997); *Thomas Brooks Chartered v. Burnett*, 920 F.2d 634, 642 (10th Cir. 1990).

*Id.* at *4–5.

## B.  CBP's Discretionary Decisions Regarding Plaintiff's Eligibility For The Global Entry Program Are Not Reviewable Under The APA.

The authority to make eligibility determinations for the Global Entry program is a discretionary function of CBP.   As indicated above, the APA is sometimes a means to challenge agency determinations, but in light of the broad discretion afforded Defendant,

it is not clear that McLean can challenge the denial of his application under the APA.

Although the number of federal cases even mentioning the "Global Entry program" in

Westlaw is small (nine), the most analogous case addressing claims similar to those

advanced by McLean is *Roberts v. Napolitano,* 792 F. Supp. 2d 67, 73–74 (D.D.C. 2011).

In *Roberts*, the district court determined that such challenges to the denial of Global

Entry applications are not subject to review under the APA:

> The plaintiff alleges he is entitled to a writ of mandamus because the defendants' denial of his Global Entry application was "arbitrary and capricious [in] violation of his civil rights" under the Administrative Procedure Act (hereinafter "APA"). Compl. ¶¶ 1, 5. The Court, however, is precluded from reviewing the defendants' denial of plaintiff's Global Entry application under the APA because eligibility for the program is committed solely to the CBP's discretion by law.

> Although there is "a strong presumption that agency action is reviewable" under the APA, courts are precluded from reviewing agency actions when the act "is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *Secy. of Labor v. Twentymile Coal Co.*, 456 F.3d 151, 156 (D.C.Cir. 2006) (*citing Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)). This situation arises "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Heckler v. Chaney*, 470 U.S. 821, 830, 105 S. Ct. 1649, 84 L.Ed.2d 714 (1985) (*quoting Overton Park*, 401 U.S. at 410, 91 S. Ct. 814). Judicial review is inappropriate because courts have "no meaningful standard against which to judge the agency's exercise of discretion." *Id*. Thus, statutes authorizing the agency's authority should be interpreted to have "committed the decision-making to the agency's judgment absolutely." *Id*.; *see also* 5 U.S.C. § 701(a)(2).

> Section 701(a)(2) requires the court to "examine carefully the statute on which the claim of illegal agency conduct is based." *See U.S. Information Agency v. Krc*, 905 F.2d 389, 396 (D.C.Cir. 1990). If there are "no legal norms pursuant to which to evaluate the challenged action," the APA does not allow the Court to evaluate the propriety of the challenged agency action. *Twentymile Coal*, 456 F.3d at 156 (*quoting Drake v. FAA*, 291 F.3d 59, 70 (D.C. Cir. 2002)).

> The Global Entry program was authorized by the Intelligence Reform and Terrorism Prevention Act of 2004 (hereinafter "IRTPA"). *See*

11

8 U.S.C. § 1365b(k). The IRTPA instructs the Secretary of Homeland Security to "establish an international registered traveler program" in order to "expedite the screening and processing of international travelers, including United States Citizens and residents, who enter and exit the United States." 8 U.S.C. § 1365b(k)(3)(A). The Secretary was further instructed to "initiate a rulemaking to establish the program [and] criteria for participation," and ensure that the program "includes as many participants as practicable by ... providing applicants with clear and consistent eligibility guidelines." 8 U.S.C. § 1365b(k)(3)(C), (E). Aside from those general mandates, the text of IRTPA is silent as to the criteria the Secretary of Homeland Security should apply in approving applications for entry into the Global Entry program. *See* 8 U.S.C. § 1365b(k)(3)(E)(iii). The statute's silence on this issue indicates that Congress committed to the defendants the sole discretion to determine eligibility guidelines and evaluate applicants. Accordingly, as "no judicially manageable standards are available for judging how and when an agency should exercise its discretion," absent colorable constitutional claims, the Court is precluded from reviewing the agency's decision to deny the plaintiff's application for entry into the Global Entry program. *Heckler*, 470 U.S. at 830, 105 S.Ct. 1649; *see also Oryszak v. Sullivan*, 576 F.3d 522, 526 (D.C.Cir. 2009) (declining to review denial of plaintiff's security clearance because issuance of a security clearance "is a discretionary function of the Executive Branch [and] actions based upon denial of security clearance are committed to agency discretion by law, at least where a constitutional claim is not properly presented."); *Drake*, 291 F.3d at 71–72 (declining to review FAA action because the relevant statutory language provided "virtually unbridled discretion" and "fairly exude[d] deference" to the agency).

*Roberts v. Napolitano*, 792 F. Supp. 2d 67, 73–74 (D.D.C. 2011).

Although informative, the *Roberts* decision is not binding on this Court.  In addition, the Tenth Circuit has held that the sources of law controlling agency decisions are both statutes and regulations:

Section 701(a)(2) excepts from judicial review only a very narrow range of agency decisions. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 820–21, 28 L.Ed.2d 136 (1971); *Kenai Oil & Gas, Inc. v. Dept. of the Interior*, 671 F.2d 383, 386 (10th Cir. 1982). According to the Supreme Court, the "committed to agency discretion" exception "is a very narrow exception," *Citizens to Preserve Overton Park*, 401 U.S. at 410, 91 S. Ct. at 820 (quoting S. Rep. No. 752, 79th Cong., 1st Sess., 26 (1945)), and the legislative history of the APA "indicates that it is applicable in those rare instances where 'statutes are

drawn in such broad terms that in a given case there is no law to apply,'" *Id*. There is "no law to apply" where "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler*, 470 U.S. at 830, 105 S. Ct. at 1655. Furthermore, while the determination of whether there is "law to apply" often focuses on the controlling statute, we have previously recognized that the "law to apply" can also be derived from the agency's regulations where the agency is acting pursuant to those regulations. *See Thomas Brooks Chartered v. Burnett*, 920 F.2d 634, 642 (10th Cir. 1990) ("The failure of an agency to follow its own regulations is challengeable under the APA.") (*citing Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L. Ed. 2d 1403 (1957)); *Community Action of Laramie, Inc. v. Bowen*, 866 F.2d 347, 352 (10th Cir. 1989) ("Because a valid legislative rule or substantive federal regulation is binding to the same extent as a statute [citation omitted], [the agency's] failure to follow its own regulations likewise may be challenged under the APA."); *see also, Center for Auto Safety v. Dole*, 846 F.2d 1532, 1534 (D.C. Cir. 1988) ("We have previously recognized that regulations promulgated by an administrative agency in carrying out its statutory mandate can provide standards for judicial review of agency action.").

*McAlpine v. United States*, 112 F.3d 1429, 1433 (10th Cir. 1997).  But those additional sources of law—the pertinent federal regulations—do not aid McLean's position in this case because the enabling regulations expressly include arrests and convictions as potential bars to granting applications for the Global Entry program.  *See* 74 Fed. Reg. 59935 (Nov. 19, 2009).   McLean admits to a conviction for domestic battery and ultimately does not challenge that he was arrested for a DUI that was diverted.

Because the implementing statute provides no judicially manageable standards to judge how and when the agency should exercise its discretion, this Court is precluded from reviewing the agency's decision to deny the plaintiff's application for entry into the Global Entry program.

**C.  Defendant's Decision, Even if Reviewable under the APA, was not Arbitrary, Capricious, an Abuse of Discretion, or Contrary to Law.**

Defendant's denial of McLean's application for the Global Entry program was well-reasoned and properly based upon his admitted conviction for domestic battery in his application.  Consequently, McLean cannot show that Defendant's decision was arbitrary, capricious, an abuse of discretion, or contrary to law, nor has he sufficiently stated a claim of a constitutional violation.

McLean correctly notes that the U.S. Customs and Border Protection public website generally describes the types of information needed to apply for the Global Entry program, and specifically states "Reasons for Ineligibility" as follows:

You may not be eligible for participation in the Global Entry program if you:

- Provide false or incomplete information on the application;

- Have been convicted of any criminal offense or have pending criminal charges or outstanding warrants (to include driving under the influence);

- Have been found in violation of any customs, immigration or agriculture regulations or laws in any country;

- Are the subject of an ongoing investigation by any federal, state or local law enforcement agency;

- Are inadmissible to the United States under immigration regulation, including applicants with approved waivers of inadmissibility or parole documentation; or

- Cannot satisfy CBP of your low-risk status.

https://www.cbp.gov/travel/trusted-traveler-programs/global-entry/eligibility (last visited June 15, 2020).  McLean suggests that the entire program is a bait and switch scam orchestrated by the United States to swindle many applicants out of $100 because, reading the instructions like a statute, it indicates ineligibility is limited to "convictions"

14

of any criminal offense or to *pending* criminal charges or outstanding warrants (to include driving under the influence) (emphasis added) and did not include arrests that did not result in a conviction.  The website generally described certain prior events that typically lead to ineligibility determinations, but those general descriptions do not trump the implementing regulations which expressly include arrests without conviction as a basis for agency denial of an application.  Similarly, the instructions for reconsideration of the initial denial of McLean's application by the Ombudsman explain that the agency is requesting all information about arrests, not arrests leading to convictions:

> Reconsideration Requests and attachments to the Ombudsman should be in English and must include the following details:
>
> *1. Date of denial and denial reason(s) from this letter*
> *2. Summary of information to further clarify a record or explain an incident or arrest;*
> *3. Court disposition documentation in PDF format for all arrests or convictions, even if expunged; and/or*
> 4. Other supporting documentation you feel may influence the Ombudsman's decision. Supported formats: PDF,
> DOCX, DOC, PNG, JPEG, and GIF.

https://www.cbp.gov/travel/trusted-traveler-programs/global-entry/eligibility (emphasis added)

And because everyone is presumed to know and understand the law, *see United States v. Hodson*, 77 U.S. (10 Wall.) 395, 409, 19 L.Ed. 937 (1870) ("Everyone is presumed to know the law."), the general descriptions of events causing agency denial of applications is not a binding contract provision.

> Williston on Contracts notes that misstatements as to the law do not qualify as material factual misrepresentations:
>
> > It is well settled that a claim of fraud in the making of a contract cannot generally be supported by proof of misstatements as to matters of law. On this

principle, a conscious misstatement of the meaning of certain terms in a written contract has been held immaterial.

The rule, which is in essence an application of the broader principle that fraud must rest on a misrepresentation of a matter of fact, and cannot be supported by a misstatement of a matter of opinion, is based on the principle that everyone is equally capable of determining the law, is presumed to know the law and is bound to take notice of the law and, therefore, in legal contemplation, cannot be deceived by representations concerning the law or permitted to say he or she has been misled.

26 Williston on Contracts § 69:10 (4th ed.) (noting certain exceptions not applicable in this case).

*Best Choice Roofing & Home Improvement, Inc. v. Best Choice Roofing Savannah, LLC*,

No. 3:18-CV-00615, 2020 WL 1139873, at *12 (M.D. Tenn. Mar. 9, 2020).

Moreover, after the initial denial of McLean's application, the agency letter to McLean made clear that it had determined that McLean had "been convicted and/or arrested for a criminal offense" and that his application was "denied due to past criminality." That same letter also made clear that if he sought reconsideration of the denial from the Ombudsman, that he should provide all information about all arrests and prior convictions. When McLean failed to provide all information about his arrests in his challenge to the denial with the Ombudsman, that was also a reasonable basis to deny his application. That the Defendant did not rely solely on the honor system to determine prior criminal activity, but obviously searched criminal data bases to confirm the statements about prior arrests and convictions of applicants, should come as no surprise to any applicant.

Finally, the final basis for denying eligibility in the website's list is the catch-all phrase that the applicant "[c]annot satisfy CBP of your low-risk status." That phrase makes clear that irrespective of the information the applicant provides to Defendant on

the application form, it is ultimately an unfettered discretionary decision for the agency to determine whether the applicant meets the eligibility standards for approval.

### D.  McLean's Other Claims are Not Justiciable under the APA.

Although the heart of McLean's complaint challenges the reasonableness of the agency's denial of his application for the Global Entry program, he also asks for a refund of his $100 application fee.  That nominal fee was described as non-refundable on the website; that McLean did not achieve the result that he wanted when he applied is not a basis for a refund.  This claim is akin to a litigant who pays the $400 filing fee in federal district court but wants a refund when his case is not successful, *cf., Selby v. State*, No. 93-4015-SAC, 1993 WL 153942, at *1 (D. Kan. Apr. 27, 1993) ("The court is not a bank and filing fees are not deposits subject to later withdrawal."), and should be rejected as a separate claim.

McLean also seeks to champion the rights of others whose applications for the Global Entry program were denied.  McLean lacks standing to champion the rights of others.  A party has standing to challenge the constitutionality of a statute, but only in so far as it has an impact on his own rights.  *County Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140, 154-55 (1979).  McLean does not have standing to challenge the Defendants denial of other GEP applications because they do not directly impact his rights.  The only recognized exception to this standing rule applies to statutes that prohibit speech rights protected by the First Amendment. *U.S. v. Platte*, 401 F.3d 1176, 1187-88 (10th Cir. 2005) (quoting *Broadwick v. Oklahoma*, 413 U.S. 601, 612 (1973)). This exception is not applicable here, so McLean lacks standing to champion the rights of others.

**Conclusion**

For the reasons stated above, McLean's motion for summary judgment should be denied and this case should dismissed or in the alternative, McLean's challenge to the final agency decision be denied.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
KS St. Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas  66101
PH:  913.551.6730
FX:  913.551.6541
EM: chris.allman@usdoj.gov

Attorneys for the United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2020, I electronically filed the foregoing with the

Clerk of the Court by uploading it to the CM/ECF system. I further certify that on the same

date, I mailed the foregoing document and the notice of electronic filing by first-class mail

to the following non-CM/ECF participant:

> Thomas R. McLean
> 4970 Park
> Shawnee, KS 66216
>
> *Pro Se* Plaintiff

A courtesy copy of this pleading was also sent to an email address provided by

Plaintiff to the Clerk of the Court:  tmcllc1999@gmail.com

> s/ Christopher Allman
> CHRISTOPHER ALLMAN
> Assistant United States Attorney