IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Thomas R. McLean, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| Mark A. Morgan in his capacity as the Acting | ) | |
| Commissioner of U.S. Customs and | ) | |
| Border Protection (CBP) on behalf of | ) | |
| the U.S. Customs and Border Protection, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF THOMAS R MCLEAN

I, Thomas McLean, declare as follows: I am the plaintiff, *pro se,* in the above capitation

case; and I reside at 4970 Park, Shawnee, KS, 66216.

(1) On 26 February 2019, I applied for acceptance into the Global Entry Program

(GEP or the "Program"[1]); and was issued membership number 154419712.

(2) The Customs and Border Protection Agency's (hereafter the CBP or the

"Agency") application asked:

    a.  only about prior criminal convictions (Exhibit A[2]) and recent non-

        adjudicated arrests.[3]

---

[1] The CBP refers to applicants who have been successfully screened as a "Trust Travelers." DHS: Trusted Traveler Programs; https://ttp.dhs.gov/ (accessed 9 Mar 20).

[2] This screen shot from the CPB's website was taken February 27, 2020.

[3] *See infra* note 8 and related text re: non-eligibility to participate in the Program.

b. the application did not ask the applicant to disclose:

      i. prior remote adjudicate arrests; which are otherwise known as convictions;

      ii. prior remote non-adjudicated arrests; for which the applicant was never convicted; and

      iii. the conviction's severity or time served.

(3) On 2 June 2019, my application for the GEP was given conditional approval and I was invited to sit for a personal interview and finger printing.

(4) On 15 September 2019, after returning from Iceland, I presented myself to the CBP agents at the Kansas City International Airport (KCI). I was interviewed and fingerprinted.

(5) On 30 September 2019, I receive notice that I was denied participation in the Program.[4]

    a. This notice did not provided me with a reason for the denial.

    b. This was shocking because, while I plead *nolo contrendere* to a misdemeanor more than 20 years ago, I could not image a proper reason why I should not be allowed to participate in the GEP. (This misdemeanor was disclosed in the Global Entry application; *see infra.*)

---

[4] The CPB no longer provides me with access to this document. Accordingly, this document could not be included as an Exhibit.

    c. Figuring that the CBP was mistaken, I immediately requested reconsideration. I did not submit any additional documents when I requested reconsideration because

        i. I was provided with no reason for the Agency's denial of may participation in the GEP;

        ii. I could not imagine any other document that CBP would need to evaluate me; and

        iii. I answered all of the CBP application questions completely and truthfully.

(6) On 2 October 2019 and 4 November 2019, I sent an email to the CBP (customs@mailfg.custhelp.com) requesting the reason why I was denied participation in the Program. To this day, I have not received a response from CBP for either of these emails.

(7) On 4 November 2019, I received notice from the CBP that it had affirmed its decision to deny me participation in the Program.[5]  Again the CBP failed to disclose the reason for denying my application.

(8) On 7 November 2019, I submitted an FOIA request to the CBP.

    a. This request was assigned the number CBP-2020-010649.

---

[5] Id.

  b. I requested only the reason for why my Global Entry application

   (#154419712) had been denied.

(9) On 18 December 2019, I received notice from no-reply@foiaonline.gov that

 "CBP-2020-010649 had been processed with the following final disposition: "No

 Records." Exhibit B.

  a. No reason for the denial was included in the email.

  b. Nothing in this communication indicated that I had appeal rights or access

   to an Ombudsman.

  c. The attachment to this email was corrupted and would not open on several

   computers.

  d. That same day (18 December 20) I sent an email to the CBP

   (customs@mailfg.custhelp.com) stating that I could not open the

   attachment; and would the CBP kindly resend the attachment.

    i. I received an error message to my email of December 18th; and

     resent my request to the CBP on 23 December 2019. I did not

     receive an error message regarding this communication.

    ii. To this day, I have not received a response to my email of December

     23rd.

(10)  On 18 December 2019, I submitted a second FOIA request to the CBP.

  a. This request was assigned the number CBP-2020-021729.

b.  This requested stated: "Having been denied participation in the Global Traveler program, I request the entire file associated with application for membership number 154419712; and any other relevant documents in the position, custody or control of the Customs and Boarder Patrol. A pdf copy of the documents will be acceptable (I do not need a hard copy)." (sic.)

(11)      On 8 January 2020, the CBP responded to FOIA request CBP-2020-021729. Exhibit C contains copies of the documents I received from the CPB.

a.  I was told the CBP had no response because I had submitted an "Improper FOIA Request for Other Reasons." Exhibit C1.

      i.  This notice stated that I have 90 day to appeal this decision.

      ii.  I elected to file a formal appeal to CPB' first level FOIA denial.

b.  Attached to the CPB' first level FOIA denial email (¶11(a)) was an insufficiency notice; which appears to be a standard "boiler plate" form letter (Exhibit C2).

c.  A second attachment to this email (¶11(a)) provided instruction for contacting an Ombudsman.

      i.  This document is labeled "Insufficient Request Notice." Exhibit C3.

      ii.  The document in ¶(11)(c)(i) clearly states in the second sentence: "If you were denied entry in a Trusted Traveler program, you should have been provided information in writing detailing the reason for this action."

     iii. Up until this date, I had not received directly from the CBP any

       reason, (let alone a detailed reason), for why I was denied entry into

       the Program.[6]

(12)  On 10 January 2020, I filed an appeal of my FIOA denial; and requested

  the assistance of the CBP's Ombudsman. (Exhibit D is the proof my letter was

  served upon the CBP's Ombudsman.)

    a. To this day, I have not received a response from the CPB's Ombudsman.[7]

    b. My appeal (Exhibit E) was assigned the number: CBP-AP-028745.

(13)  On February 25, 2020, I received notice from the CBP's FIOA's appeals

  board that it had "Complete Reversed/Remanded" the first level FOIA review

  process.

    a. The FIOA appeals board notice consisted of a cover email and two

    attachments.

      i. One of the attached documents (Exhibit F1) was a redacted copy of

       my GEP application as it had been annotated by the CBP.

---

[6] I only receive a reason for my denial by filing multiple FOIA requests.

[7] This statement is made notwithstanding the "Ombudsman's" annotation to the Program's Application (Exhibit F1) because the annotated comment was never intended to be communicated to me.

    ii. The second attached document (Exhibit F2) provided an explanation

       as to why some of the material in my annotated application had been

       redacted.

b. Neither document provides a specific reason for why my application was

   denied.

c. However, the annotated application on page 4 states:

> OMBUDSMAN SUSTAIN: denial sustained for applicant who did not provide any background information or court document stating the severity level and final disposition for his (2) Battery arrests in 1996 and his DUI in 2010.

d. Other than statement in ¶13c (immediately above), the annotated

   application does not provide any hint, suggestion, or allude to a reasonably

   cogent implication (*cf.* let alone a cogent explanation) as to why my

   application to the GEP was rejected.

(14)    On 25 February 2020, through the CPB's webpage, I sent the CBP a

message pointing out that the denial of my GEP application was based on

information that was not in the scope of the application; and requesting that I be

allowed to reapply with the Program and that the CPB should waive the $100

dollar fee used to cover the background check (because such a check had already

been performed). Exhibit G.

(15)    On 26 February 2020, the CPB notified me that their denial decision was

final. Exhibit H.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge and belief.

June 16, 2020



_____

Thomas R McLean, Esq.

Subscribed and sworn to before me

this 16th day of June, 2020

_____

Maria Victoria Portuguez

Notary Public, Johnson County, KS

My Commission Expires:  July 12, 2021

Respectfully submitted and filed with the Clerk of the Court on _June 15, 2020, by

_____

Thomas R. McLean, *pro se*

4970 Park

Shawnee, KS, 66216

913-525-5526

tmcllc1999@gmail.com

List of Exhibits

A: Screen Shot of CPB's Application

B: CPB communication that it has no records

C: CBP 2020 021729 Agency response

    1: email

    2. FOIA "boiler plate"

    3. Insufficiency Notice

D: Green Card Proof of Delivery to CBP Ombudsman

E: FOIA Appeal

F: CBP-AP-028745 Agency response

    1: Annotated Application

    2. Reasons for Redaction

G: My request for reconsideration/waiver

H: CBP's final decision

I: Screen Shot of Johnson County Court records re: dismissal of the second count of Battery

J: Merrian Court record

List of Exhibits

A: Screen Shot of CPB's Application

B: CPB communication that it has no records

C: CBP 2020 021729 Agency response

    1: email

    2. FOIA "boiler plate"

    3. Insufficiency Notice

D: Green Card Proof of Delivery to CBP Ombudsman

E: FOIA Appeal

F: CBP-AP-028745 Agency response

    1: Annotated Application

    2. Reasons for Redaction

G: My request for reconsideration/waiver

H: CBP's final decision

I: Screen Shot of Johnson County Court records re: dismissal of the second count of Battery

J: Merrian Court record

# Exhibit A

Homeland
Security    Trusted Traveler Programs

Login name: EMILE.CHEN56@GMAIL.COM
Name: THOMAS MELEAN
Membership #: / / A3219 134419712

HOME    MY DASHBOARD    FREQUENTLY ASKED QUESTIONS    LOG OUT

# Global Entry Reapplication Application

        

Personal Info   Documents   Driver's License   Vehicle Info   Address Info   Employment Info   Travel History   Additional Info   Final Review

## Additional Information

### Background Questions

* required field

* Have you ever been convicted of a criminal offense in the United States or any other country?    [ ? ]

   Yes        No

   ✓ You may be asked to provide court documents at your interview

* Have you ever received a waiver of inadmissibility to the U.S. from a U.S. government agency?    [ ? ]

   Yes        ○ No

* Have you ever been found in violation of customs laws?    [ ? ]

   Yes        ○ No

* Have you ever been found in violation of immigration laws?    [ ? ]

   Yes        No

‹ BACK

SAVE & CONTINUE ›
Proceed to Final Review (step 9 of 9)

NEED HELP?

## Frequently Asked Questions

• What court documents should I bring to the interview?

Appointments

VIEW ALL FAQS



# Exhibit B

# ⌐ ¬] Gmail

**Third Millennium Consultants <tmcllc1999@gmail.com>**

## Final Disposition, Request CBP-2020-010649
7 messages

---

**no-reply@folaonline.gov <no-reply@folaonline.gov>**
To: tmcllc1999@gmail.com

Wed, Dec 18, 2019 at 11:49 AM

CBP-2020-010649 has been processed with the following final disposition: No Records.

📄 No Records (attorney) 2019-12-18 124852 Letter.pdf
   0K

---

**Third Millennium Consultants <tmcllc1999@gmail.com>**
To: Tom McLean <tmclean@legallanguage.com>

Wed, Dec 18, 2019 at 11:55 AM

[Quoted text hidden]
--
Tom McLean

Admitted to the Bar in Kansas and Illinois

Third Millennium Consultants, LLC
and American Medical Litigation Support Services



CONFIDENTIALITY NOTICE: This email is from the law firm of Third Millennium Consultants, LLC and any
accompanying documents contain herein constitute confidential information belonging to the sender and is
legally privileged. If you receive this email in error, please immediately notify us by telephone (913) 525-5526
or reply to this message, and then delete the email and any attachment(s). Copying, distributing or otherwise
transmitting emails or attachment(s) as an unintended recipient is strictly prohibited. Delivery of this message
or any attachment(s) to an unintended recipient(s) is not meant to waive confidentiality or a privilege.

---

**Third Millennium Consultants <tmcllc1999@gmail.com>**
To: admin@folsonline.gov

Wed, Dec 18, 2019 at 12:22 PM

Good afternoon,

The attachment to the email below is corrupted and cannot be opened. Can you please re-send the
attachment? Thank you.

Tom McLean
[Quoted text hidden]
--
Tom McLean

---

**Mail Delivery Subsystem <mailer-daemon@googlemail.com>**
To: tmcllc1999@gmail.com

Thu, Dec 19, 2019 at 2:47 PM



## Delivery incomplete

There was a temporary problem delivering your message to **admin@folaonline.gov**. Gmail will retry for 45 more hours. You'll be notified if the delivery fails permanently.

**LEARN MORE**

The response was:

The recipient server did not accept our requests to connect. Learn more at https://support.google.com/mail/answer/7720  [folaonline.gov 2620:117:506f:62::f057: timed out]  [folaonline.gov 2620:117:506f:62::f058: timed out]  [folaonline.gov 134.67.98.88: timed out]  [folaonline.gov 134.67.98.87: timed out]

Final-Recipient: rfc822; admin@folaonline.gov
Action: delayed
Status: 4.4.1
Diagnostic-Code: smtp; The recipient server did not accept our requests to connect. Learn more at https://support.google.com/mail/answer/7720
 [folaonline.gov 2620:117:506f:62::f057: timed out]
 [folaonline.gov 2620:117:506f:62::f058: timed out]
 [folaonline.gov 134.67.98.88: timed out]
 [folaonline.gov 134.67.98.87: timed out]
Last-Attempt-Date: Thu, 19 Dec 2019 12:47:24 -0800 (PST)
Will-Retry-Until: Sat, 21 Dec 2019 10:23:06 -0800 (PST)

--------- Forwarded message ---------
From: Third Millennium Consultants <tmcllc1999@gmail.com>
To: admin@folaonline.gov
Cc:
Bcc:
Date: Wed, 18 Dec 2019 12:22:57 -0600
Subject: Fwd: Final Disposition, Request CBP-2020-010649
Good afternoon,

The attachment to this email below is corrupted and cannot be opened. Can you please re-send the attachment? Thank you.

Tom McLean

On Wed, Dec 18, 2019 at 11:49 AM <no-reply@folaonline.gov> wrote:

| CBP-2020-010649 has been processed with the following final disposition: No Records.


Tom McLean

---

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>          Fri, Dec 20, 2019 at 1:03 PM
To: tmclic1999@gmail.com



## Delivery Incomplete

There was a temporary problem delivering your message to
**admin@folaonline.gov**. Gmail will retry for 23 more hours.
You'll be notified if the delivery fails permanently.

**LEARN MORE**


The response was:

```
The recipient server did not accept our requests to connect. Learn more at
https://support.google.com/mail/answer/7720 [folaonline.gov 2620:117:506f:62::f057: timed
out] [folaonline.gov 2620:117:506f:62::f058: timed out] [folaonline.gov 134.67.98.88:
timed out] [folaonline.gov 134.67.98.87: timed out]
```


Final-Recipient: rfc822; admin@folaonline.gov
Action: delayed
Status: 4.4.1
Diagnostic-Code: smtp; The recipient server did not accept our requests to connect. Learn more at
https://support.google.com/mail/answer/7720
  [folaonline.gov 2620:117:506f:62::f057: timed out]
  [folaonline.gov 2620:117:506f:62::f058: timed out]
  [folaonline.gov 134.67.98.88: timed out]
  [folaonline.gov 134.67.98.87: timed out]
Last-Attempt-Date: Fri, 20 Dec 2019 11:03:22 -0800 (PST)
Will-Retry-Until: Sat, 21 Dec 2019 10:23:06 -0800 (PST)


---------- Forwarded message ----------
From: Third Millennium Consultants <tmclic1999@gmail.com>
To: admin@folaonline.gov

3/2/2020 10:38 AN

Cc:
Bcc:
Date: Wed, 18 Dec 2019 12:22:57 -0600
Subject: Fwd: Final Disposition, Request CBP-2020-010649
Good afternoon,

The attachment to the email below is corrupted and cannot be opened. Can you please re-send the attachment? Thank you.

Tom McLean

On Wed, Dec 18, 2019 at 11:49 AM <no-reply@foiaonline.gov> wrote:
| CBP-2020-010649 has been processed with the following final disposition: No Records.

--
Tom McLean

---

Mail Delivery Subsystem <mailer-daemon@googlemail.com>                    Sat, Dec 21, 2019 at 3:56 PM
To: tmclic1999@gmail.com



# Message not delivered

There was a problem delivering your message to
**admin@foiaonline.gov**. See the technical details below.

**LEARN MORE**

The response was:

The recipient server did not accept our requests to connect. Learn more at
https://support.google.com/mail/answer/7720 [foiaonline.gov 2620:117:506f:62::f057: timed
out] [foiaonline.gov 2620:117:506f:62::f058: timed out] [foiaonline.gov 134.67.98.88:
timed out] [foiaonline.gov 134.67.98.87: timed out]

Final-Recipient: rfc822; admin@foiaonline.gov
Action: failed
Status: 4.4.1
Diagnostic-Code: smtp; The recipient server did not accept our requests to connect. Learn more at
https://support.google.com/mail/answer/7720
[foiaonline.gov 2620:117:506f:62::f057: timed out]

[folaonline.gov 2620:117:506f:62::f058: timed out]
[folaonline.gov 134.67.98.88: timed out]
[folaonline.gov 134.67.98.87: timed out]
Last-Attempt-Date: Sat, 21 Dec 2019 13:56:52 -0800 (PST)

---------- Forwarded message ----------
From: Third Millennium Consultants <tmcllc1999@gmail.com>
To: admin@folaonline.gov
Cc:
Bcc:
Date: Wed, 18 Dec 2019 12:22:57 -0800
Subject: Fwd: Final Disposition, Request CBP-2020-010649
Good afternoon,

The attachment to the email below is corrupted and cannot be opened. Can you please re-send the attachment? Thank you.

Tom McLean

On Wed, Dec 18, 2019 at 11:49 AM <no-reply@folaonline.gov> wrote:
| CBP-2020-010649 has been processed with the following final disposition: No Records.

--
Tom McLean

---

**Third Millennium Consultants** <tmcllc1999@gmail.com>          Mon, Dec 23, 2019 at 8:15 AM
To: CBP INFO Center <customs@mailfg.custhelp.com>

Good morning,

This is my second request: The attachment is corrupted and will not open. Can you please send me a new document that has not been corrupted.

Thank you

Tom McLean

---------- Forwarded message ----------
From: <no-reply@folaonline.gov>
Date: Wed, Dec 18, 2019 at 11:49 AM
Subject: Final Disposition, Request CBP-2020-010649
To: <tmcllc1999@gmail.com>


CBP-2020-010649 has been processed with the following final disposition: No Records.

[Quoted text hidden]

# Exhibit C1

 **Gmail**

Third Millennium Consultants <tmcllc1999@gmail.com>

## Final Disposition, Request CBP-2020-021729
1 message

**no-reply@foiaonline.gov** <no-reply@foiaonline.gov>                Wed, Jan 8, 2020 at 12:56 PM
To: tmcllc1999@gmail.com

CBP-2020-021729 has been processed with the following final disposition: Improper FOIA Request for Other Reasons.

📄 **Insufficient request notice 2020-01-08 135542 Letter.pdf**
   5K

Exhibit C2

Thomas McLean
4970 Park
Shawnee, KS, 66216

01/08/2020
CBP-2020-021729

Dear Thomas McLean,

This acknowledges receipt and is a final response to your request for records under the Freedom of Information Act (FOIA) submitted to U.S. Customs and Border Protection (CBP) on December 16, 2019, seeking records regarding your access to a Trusted Traveler program.

Pursuant to 6 C.F.R. Part 5 §5.3(b) of the DHS FOIA regulations, you must describe the records you are seeking with as much information as possible to ensure that our search of appropriate systems of records can find them with a reasonable amount of effort. Your FOIA request has been closed as insufficient for **one or more of the following reasons:**

• Did not include a date of birth;
• Does not state the specific records requested; and
• Did not include a full name (and aliases as appropriate) of the individual in which you are seeking records.
For additional information please consult CBP FOIA website please click on FOIA Act Resources or visit http://www.cbp.gov/site-policy-notices/foia.

This is not a denial of your request. Upon receipt of the needed information, you will be advised as to the status of your request.

This completes the CBP response to your request. You may contact CBP's FOIA Public Liaison, Charlyse Hoskins, by sending an email via your FOIAonline account, mailing a letter to 90 K St, NE MS 1181, Washington DC, 20229 or by calling 202-325-0150. The FOIA Public Liaison is able to assist in advising on the requirements for submitting a request, assist with narrowing the scope of a request, assist in reducing delays by advising the requester on the type of records to request, suggesting agency offices that may have responsive records and receive questions or concerns about the agency's FOIA process. Please notate file number CBP-2020-019993 on any future correspondence to CBP related to this request.

If you are not satisfied with the response to this request, you have a right to appeal the final disposition. Should you wish to do so, you must file your appeal within 90 days of the date of this letter following the procedures outlined in the DHS regulations at Title 6 C.F.R. §5.8. Please include as much information as possible to help us understand the grounds for your appeal. You should submit your appeal via FOIAonline by clicking on the "Create Appeal" button that appears when you view your initial request. If you do not have computer access, you may send your appeal and a copy of this letter to: FOIA Appeals, Policy and Litigation Branch, U.S. Customs and Border Protection, 90 K Street, NE, 10th Floor, Washington, DC 20229-1177. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia. Additional information can be found at the following link https://www.cbp.gov/document/guidance/exemption-definitions.

Additionally, you have a right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Please note that contacting the CBP FOIA Public Liaison or OGIS **does not stop the 90-day appeal clock end is not a substitute** for filing an administrative appeal.

Sincerely,

U.S. Customs and Border Protection

FOIA Division

# Exhibit C3

# |∨| Gmail

**Third Millennium Consultants <tmcllc1999@gmail.com>**

## Insufficient Request Notice
1 message

**no-reply@foiaonline.gov** <no-reply@foiaonline.gov>                    Wed, Jan 8, 2020 at 12:55 PM
To: tmcllc1999@gmail.com

Thomas McLean
4970 Park
Shawnee, KS, 66216

01/08/2020
CBP-2020-021729

Dear Thomas McLean,

Please see the attached correspondence, your request is insufficient.

If you were denied entry in a Trusted Traveler program, you should have been provided information in writing detailing the reason for this action. Having a criminal record or past violation of CBP laws/regulations/policies will render you ineligible for participation in Trusted Traveler programs. Please be advised that CBP may rely on data from other agencies and your ineligibility may have been based upon those records. In order to review other agency records that may be on file with CBP, you will need to contact the agency that owns the record directly. Although there is no formal appeals process to contest this decision, if you feel the decision was based upon inaccurate information, you should contact the local Trusted Traveler Enrollment Center to schedule an appointment to speak with a supervisor. Calls to the Enrollment Centers or correspondence to the Trusted Traveler Ombudsman should contain supporting information that can demonstrate the denial or revocation was on inaccurate information. A list of locations can be found on the Frequent Traveler Programs website (Trusted Traveler Programs at www.cbp.gov/xp/cgov/travel/trusted_traveler/).

Please use the following address if you decided to write to the CBP Trusted Traveler Ombudsman:

U.S. Customs and Border Protection

Attention: Ombudsman

300 Interstate Corporate Center, Suite 303

Williston, VT 05495

We are unable to process your request due to issues with your submission. Please see the attached general instructions (not specific to your request) on how to create a FOIAonline records accessible account and how to submit a new request. If you had filed this request via a FOIAonline records accessible account, you would have been able to update the information online. Since you do not have an account, no updates can be made.

Also, please make sure you state what records you seek. The FOIA does not require agencies to answer questions, but you may request records that answer the question you have. If you state you want to know why you were denied you run the risk of having your case closed again. Instead state the situation and what records you seek regarding the event such as requesting records used to determine your denial.

The last issue with your submission involves your personal information. You will need to fill out the fields under the "Additional Information" section in FOIAonline. This includes your first, last, and middle names, any additional names you may have used and your date of birth. A search for records cannot be conducted without your date of birth.

Sincerely,

U.S. Customs and Border Protection

---

**2 attachments**

CBP **FOIA Assistance.pdf**
108K

**Insufficient request notice Letter.pdf**
5K

# Exhibit D

SENDER: COMPLETE THIS S

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.
- Article Addressed to:

US Customs & Border Pat
Attn: Ombudsman
300 Industrial Cnprmth Ct
Suite 503 Williston VT
05495

9590 9402 5564 9249 7273 59

7019 0140 0000 7016 6008

Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Jerome Varanko   1/23/20

D. Is delivery address different from item 1?   ☒ Yes
If YES, enter delivery address below:   ☐ No

US CUSTOMS + Border Patrol
50 S. Main St Ste 100R
St. Albans, VT 05478

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

20

er is 501061931 and it

Domestic Return Receipt

FACTS:

(1) On 26 February 2019, I applied for a Global Entry pass and was issued membership number 154419712.

(2) On 2 June 2019, I was issue a conditional approval and invited to sit for a personal interview and finger printing.

(3) On 15 September 2019, after returning from Iceland, I present myself to the Customs and Border Patrol (CBP) agents at the Kansas City International Airport (KCI). I was interviewed and fingerprinted.

(4) On 30 September 2019, I receive notice that I was denied participation to the Global Entry program.

   a. This was shocking because, while I plead *nolo contrendere* to a misdemeanor more than 20 years ago, I could not image a proper reason why I should not be allowed to participate in the Global Entry program. (The misdemeanor was disclosed in the Global Entry application.)

   b. Figuring that the CBP was mistaken, I immediately requested reconsideration. I did not submit any additional documents when I requested reconsideration because

      i. I was provided with no reason for the denial to participate in the Global Entry Program; and

      ii. I could not imagine any other document that CBP would need to evaluate me.

(5) On 2 October 2019 and 4 November 2019, I sent an email to the CBP (customs@mailfg.custhelp.com) requesting the reason I was denied participation in the Global Entry Program. To this day, I have not received a response from either email.

(6) On 4 November 2019, I received notice from the CBP that my denial of participation in the Global Entry Program decision had been affirmed.

(7) On 7 November 2019, I submitted an FOIA request to the CBP.

   a. This request was assigned the number CBP-2020-010649.

   b. In this request I provide all the information provided by CPB's FIOA website

   c. I requested only the reason for why my Global Entry application (#154419712) was denied.

# Exhibit E

9 January 2020

FOIA Appeals
Policy and Litigation Branch
U.S. Customs and Border Protection
90 K Street, NE, 10th Floor
Washington, DC 20229-1177.

RE: FIOAs CBP-2020-010649 and CBP-2020-021729

Dear Sir or Madame,

My name is Thomas Richard McLean, ▮▮▮▮▮▮▮▮▮ my passport number is ▮▮▮▮▮▮ and it
expires 29 November ▮▮▮▮▮

**FACTS:**

(1) On 26 February 2019, I applied for a Global Entry pass and was issued membership number
154419713.

(2) On 2 June 2019, I was issue a conditional approval and invited to sit for a personal interview and
finger printing.

(3) On 15 September 2019, after returning from Iceland, I present myself to the Customs and
Border Patrol (CBP) agents at the Kansas City International Airport (KCI). I was interviewed and
fingerprinted.

(4) On 30 September 2019, I receive notice that I was denied participation to the Global Entry
program.

a. This was shocking because, while I plead *nolo contrendere* to a misdemeanor more than
20 years ago, I could not image a <u>proper</u> reason why I should not be allowed to
participate in the Global Entry program. (The misdemeanor was disclosed in the Global
Entry application.)

b. Figuring that the CBP was mistaken, I immediately requested reconsideration. I did not
submit any additional documents when I requested reconsideration because

    i. I was provided with no reason for the denial to participate in the Global Entry
    Program; and

    ii. I could not imagine any other document that CBP would need to evaluate me.

(5) On 2 October 2019 and 4 November 2019, I sent an email to the CBP
(customs@mailfg.custhelp.com) requesting the reason I was denied participation in the Global
Entry Program. To this day, I have not received a response from either email.

(6) On 4 November 2019, I received notice from the CBP that my denial of participation in the
Global Entry Program decision had been affirmed.

(7) On 7 November 2019, I submitted an FOIA request to the CBP.

a. This request was assigned the number CBP-2020-010649.

b. In this request I provide all the information provided by CPB's FIOA website

    c.  I requested only the reason for why my Global Entry application (#154419712) was denied.

(8)  On 18 December 2019, I received notice from no-reply@folaonline.gov that "CBP-2020-010649 has been processed with the following final disposition: No Records." Exhibit 1.

    a.  Nothing in this communication indicated that I had appeal rights or access to an Ombudsman.

    b.  The attachment in the email above was corrupted and would not open on several computers.

    c.  That same day I sent an email to the CBP (customs@mailfg.custhelp.com) stating that I could not open the attachment and would the CBP kindly resend the attachment.

        i.  I received an error message email; and resent my request on 23 December 2019.

        ii.  To this day I have not received a response to my second request.

(9)  On 18 December 2019, I submitted a second FOIA request to the CBP.

    a.  This request was assigned the number CBP-2020-021729.

    b.  This requested stated: "Having been denied participation in the Global Traveler program, I request the entire file associated with application for membership number 154419712; and any other relevant documents in the position, custody or control of the Customs and Boarder Patrol. A pdf copy of the documents will be acceptable (I do not need a hard copy)." (sic.)

(10)  On 8 January 2020, the CBP responded to FOIA request CBP-2020-021729.

    a.  I was told the CBP had no response because I had submitted an "Improper FOIA Request for Other Reasons."

        i.  This notice stated that I have 90 day to appeal this decision.

        ii.  This communication is being submitted as a formal appeal.

    b.  Attached to the above communication was an Insufficiency notice; which appears to be a standard boiler plate form letter.

    c.  A second attachment provided instruction for contacting an Ombudsman.

        i.  This document is labeled "Insufficient Request Notice." Exhibit II.

        ii.  The document in (11)(c)(i) clearly states in the second sentence: "If you were denied entry in a Trusted Traveler program, you should have been provided information in writing detailing the reason for this action."

        iii.  To this date I have never received any reason, let alone a detailed reason, for why I was denied entry in a Trusted Traveler program.

## LAW:

The Freedom of Information Act (FOIA) requires government agencies to make their records available to members of the public upon request. *See* 5 U.S.C. § 552. Agencies are required to produce the requested records unless one of nine specific exemptions under FOIA applies. *See* 5 U.S.C. § 552(b). There is a strong presumption in favor of disclosure because FOIA's purpose is "to facilitate public access to Government documents." *Hecht v. U.S. Agency for Int'l Dev.*, No. 95-263, 1996 WL 33502232, at *5 (D.Del. Dec. 18, 1996). If an agency believes one of FOIA's nine statutory exemptions applies, then "[t]he

agency bears the burden of justifying the withholding information. *OSHA Data/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 160 (3d Cir. 2000). "[A]n agency cannot justify withholding an entire document simply by showing that it contains some exempt material." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 186 (3d Cir. 2007).

The nine exemptions which permit an agency to withhold information under 5 U.S.C. § 552(b) are:

(1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(2) related solely to the internal personnel rules and practices of an agency;

(3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute— (A) (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or

(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph;

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5) inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested;

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(9) geological and geophysical information and data, including maps, concerning wells.

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record where such deletion is made.

## ANALYSIS:

In my 2 October 2019 and 4 November 2019 emails to the CBP (customs@mailfg.custhelp.com), I made a very simple request to the CBP: Please provide me with a reason for why I was denied entry into the Global Entry/Trusted Traveler Program (hereafter "the Program"). The CBP admitted that I am entitled to this information. ¶(11)(c)(ii). And yet despite my informal and formal requests, the CBP refuses to provide me with information. Without this information it is impossible for me to amend my application to the Program to correct any CBP perceived mistakes, omissions of misunderstanding.

It is recognized that CBP could have made such a disclosure in the attachment to the email described in ¶(9). However, because the attachment was corrupted and would not open there was no effective communication from the CBP concerning the reason that my application to the Program was denied. The CBP reinforced it unwilling to provide me with a reason for denying me access to the Program when it refused to resend the attachment. ¶(9)(b).

I have now made two formal FOIA request. The CBP is required to produce the requested records; and it bears the burden of justifying the withholding information. *OSHA Data/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 160 (3d Cir. 2000). Thus far the CBP has provided no justification for denying me predication in the Program in its responses to my FIOAs CBP-2020-010649 and CBP-2020-021729.

Nor is there any obvious exception to disclosure to justify the CBP's non-disclosure under § 552(b). I am asking for information about myself. Accordingly, I am not requesting secret information. I am not asking for information that is protected from public disclosure –my request is a private request to the CBP about me. Nor does the information requested appear to fall under the Open FOIA Act of 2009. This is not a request for trade secrets, inter-agencies communications, medical records, financial institutions oversight, or geologic/geophysical information on file with any agency. I am not requesting agency personnel data. Nor does the information request pose any risk to law enforcement.

To the contrary: The information I seek is needed to resolve any misunderstanding between the CBP and myself. If the CBP provides me with the specific reason(s) for denying me participation in the Program, I will cure the misunderstanding by submitting the necessary documents, accept the CBP's decision; or take any other legal action deemed necessary.

Again the CBP bears the burden of justifying non-disclosure of information requested under FOIA. *OSHA Data/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 160 (3d Cir. 2000). It is axiomatic that any evidence that the CBP advances to satisfy this burden must be credible. Unfortunately, this is not the case. The CBP's assertion that FOIA request CBP-2020-021729 was improper lacks credibility. I completed FOIA request CBP-2020-021729 the same way I created FOIA request CBP-2020-010649; and the CBP did not claim CBP-2020-010649 was improper. Indeed to the contrary the CBP claimed only that it found no records stratifying the request made in CBP-2020-010649. Moreover, the agency response to CBP-2020-010649 also lacks credibility because no one believes that any agency did not create a written document outlining the reason it denied a US citizen participation in a government program.

<u>Specific Relief Requested:</u>

The CBP is to disclose the reason(s) for why I was denied participation in the Program. In the alternative, if the CBP will not disclose on the record *the reason(s)* for denying me participation in the program, I request that the CBP produce the complete and entire file associated with my application (number 501061931) to the Program AND any other documents in the custody, possession, or control of the CBP concerning me. The disclosure of specific reason(s) for denying me participation in the Program the entire, the complete file for application is number 501061931, and any other documents in the possession, or control of the CBP concerning me is necessary because I need to determine if the CBP has wrongfully denied me participation in the Program.

[Intentional Left Blank]

Respectfully submitted,


Thomas R. McLean



# Exhibit F

 Gmail                    **Third Millennium Consultants <tmcllc1999@gmail.com>**

---

## Final Disposition, Request CBP-AP-2020-028745
1 message

no-reply@folaonline.gov <no-reply@folaonline.gov>                    Tue, Feb 25, 2020 at 12:55 PM
To: tmcllc1999@gmail.com

CBP-AP-2020-028745 has been processed with the following final disposition: Completely
Reversed/Remanded.

Given the nature of this request, some records are only being released to you as the requester. If you have an
account in FOIAonline, you may access those records by [FOIAONLINE_HOME]. Otherwise, those
responsive records will be sent via the method agreed upon with the FOIA processor.

---

**2 attachments**

🗎 **GES_Redacted.pdf**
   3146K

🗎 **2020-028745 Decision Letter.pdf**
   80K

# Exhibit F1



## GLOBAL ENROLLMENT SYSTEM (GES)

Welcome | Search | Reports | Administration
Text Only



Help
Logout

**Summary**

PASSID: 154419712    Name: MCLEAN, THOMAS RICHARD    DOB: 03 Apr 1956

traveler menu
...menu
request (x)
Security Queues
d... ...pproval Stat.
role definition

| Show All | Biographic | Other ID | Address | Employment | Document |
| Conveyance | Request | RFID | Travel History | APEC | Comment |
| Attachment | CTTP Card | Parents Info | RAW |

**Biographic**                                                    Biographic Detail

|  | | |
|---|---|---|
| PASSID: | 154419712 | GEC Number: |
| GOES User ID: | E47E791C-A6EA-4752-B162-EAD80FCE9442 | |
| First Name: | THOMAS | Birth Date: |
| Middle Name: | RICHARD | Gender: | Male |
| Last Name: | MCLEAN | Height: | 6 ft. 0 in. |
| Maternal Name: | | Eye Color: | Blue |
| Other Last Names: | | Hair Color: |
| Other First Names: | | |
| Birth Country: | UNITED STATES | Fingerprint Capture Date: | 15 Sep 201 |
| Birth City: | Chicago | Canada Iris Capture Date: |
| Birth State/Province: | ILLINOIS | Canada Iris Not Captured Date: |
| Primary Citizenship: | UNITED STATES | APEC Eligible: |
| Other Citizenship: | | TSA Hazmat: | NO |
| Primary Residence: | NOT AVAILABLE | E-mail Address: |
| Residency Status: | | Language Preference: | English |

**Other ID**

GOES USER ID: E47E791C-A6EA-4752-B162-EAD80FCE9442
GEC NUMBER:
FAST NORTH ID:
FAST SOUTH ID:
FLUX ID:
MEXICO PVC MEMBERSHIP NO.:
MEXICO CURP NO.:
MEXICO RFC NUMBER - OWN:
MEXICO RFC NUMBER - OTHER:
GERMANY ABG MEMBERSHIP NO.:
QATAR NATIONAL ID:
SAUDI ARABIA NATIONAL ID:
UK ACCESS CODE:
COLOMBIA NATIONAL ID:

SINGAPORE NATIONAL REGISTRATION ID:
ISRAEL IDENTITY NO.:
ARGENTINA NATIONAL ID:
TAIWAN NATIONAL ID:
NETHERLAND NATIONAL NUMBER:
BRAZIL CPF NUMBER:

**Address**                                                                          Address List
──────────────────────────────────────────────────────────

Main resident address
Name:
Effective Date:
Street:
City:                                          State/Province:   KANSAS
Country:                                       Postal Code:
Colonia/Neighborhood:
Cell Phone Number:

**Employment**                                                                        Employment List
──────────────────────────────────────────────────────────

Employment Status:   Employed              Occupation:      attorney
Name:
Date:
Street:
City:                                        State/Province:   KANSAS
Country:                                     Postal Code:
Colonia/Neighborhood:
Phone Number:
Employment
Description:

Employment Status:   Employed              Occupation:      attorney
Name:
Date:
Street:
City:                                        State/Province:   KANSAS
Country:                                     Postal Code:
Colonia/Neighborhood:
Phone Number:
Employment
Description:

**Document**                                                                          Document List
──────────────────────────────────────────────────────────

Type:                Passport               Document
                                            Number:
Issue Date:                                 Expiration Date:
First Name:          THOMAS                  Birth Date:
Middle Name:         RICHARD
Last Name:           MC LEAN
Maternal Name:
Issue Country:       UNITED STATES
City Name:                                   State/Province:
Province Name:                               Visa Class Code:
Alien Number:                                Petition Date:
AIS Programs:        Global Entry            Registry Group:
Proof of             YES                     Proof of         YES
Admissibility:                               Citizenship:
Proof of             NO                      Proof Country:   UNITED STATES
Residency:
Document Name:

| | | | |
|---|---|---|---|
| Enhanced Drivers License: | NO | Commercial Drivers License: | NO |
| Hazmat: | NO | MRZ Certification: | YES |

| | | | |
|---|---|---|---|
| Type: | Driver's License | Document Number: |  |
| Issue Date: | | Expiration Date: | 09    2019 |
| First Name: | THOMAS | Birth Date: | |
| Middle Name: | | | |
| Last Name: | MCLEAN | | |
| Maternal Name: | | | |
| Issue Country: | UNITED STATES | | |
| City Name: | | State/Province: | KANSAS |
| Province Name: | | Visa Class Code: | |
| Alien Number: | | Petition Date: | |
| AIS Programs: | | Registry Group: | |
| Proof of Admissibility: | NO | Proof of Citizenship: | NO |
| Proof of Residency: | NO | Proof Country: | |
| Document Name: | | | |
| Enhanced Drivers License: | NO | Commercial Drivers License: | NO |
| Hazmat: | NO | MRZ Certification: | NO |

**Conveyance**                                                          Conveyance List

**Request**                                                                    Request List

| | | | |
|---|---|---|---|
| AIS Program: | Global Entry | Request Type: | Initial Enrollment |
| Request Date: | 26 Feb 2019 | Request Source: | GOES 104064952 |
| Request Reason: | | Request Status: | Denied |
| Enrollment POE: | EoA-KANSAS CITY | Citizenship/Nationality: | USC |
| Entry Purpose Description: | | | |

**RFID**                                                                            RFID

**Travel History**                                                        Travel History

Countries visited in the last 5 years:

- AUSTRALIA
- CHILE
- GERMANY
- SPAIN
- FRANCE
- UNITED KINGDOM
- IRELAND
- CAMBODIA
- KOREA - REPUBLIC OF (SOUTH KOREA)
- PORTUGAL
- RUSSIAN FEDERATION
- THAILAND
- SOUTH AFRICA
- ZIMBABWE

**APEC Card**

**Comment**

| USER ID | DATE | COMMENT TYPE | COMMENT |
|---------|------|--------------|---------|
| (b)(6),(b)(7)(C) 2019-11-04 | | Biographic | OMBUDSMAN SUSTAIN. denial sustained for applicant who did not provide any background information or court documents stating the severity level and final disposition for his (2) Battery arrests in 1995 and his DUI in 2010 (b)(7)(E) (b)(7)(E) |

**Attachment**

**CTTP Card**

**Parent Information**

Father First Name:
Father Last Name:

Mother First Name:
Mother Last Name:

**RAW**                                                              RAW List

| AIS Program: | Global Entry | Request Type: | Initial Enrollment |
|--------------|--------------|---------------|---------------------|
| RAW Id: | 15116494 | Application Sequence ID: | 34216135 |



GLOBAL ENROLLMENT SYSTEM
(GES)

Welcome | Search | Reports | Administration
Text Only



**Raw List**

Help

Logout

Traveler Menu

Summary

Request List

Security
Queries

AIS Program
Status

Interdictions

PASSID: 154419712 Name: MCLEAN, THOMAS
RICHARD

DOB: [redacted]

**RAW ID** | **AIS Program** | **Request Type** | **Application Id**
15116494 | Global Entry | Initial Enrollment | 34216135

# Risk Assessment Worksheet

## Pass ID:154419712

Program Type: Global Entry | Application ID: 34216135 |
Application Type: Initial Enrollment

## Person Data

**First Name:** THOMAS **Last Name:** MCLEAN **DOB:** [redacted]
RICHARD **Gender:** M
**Citizenship:** US **Birth Country:** US

## Findings

[redacted]

[redacted] THOMAS R | MCLEAN | 1956-04-03
Match to FBI# 342732DB3. One(1) | 2019-05-07T00:00:00-04:00
conviction for "DUI OF ALCOHOL OR DRUGS" on 09/19/2010. Two(2)
separate arrest/charges for "BATTERY" on 10/01/1996 & 10/26/1996
without severity/disposition. Applicant disclosed "PLEAD NOLO
CONTENDRE TO A SINGLE COUNT OF DOMESTIC VIOLENCE".

[redacted]



## *RISK ASSESSOR*

**Risk Assessor Comments (Internal):** Match to FBI# 342732DB3. One(1) conviction for "DUI OF ALCOHOL OR DRUGS" on 09/19/2010. Two(2) separate arrest/charges for "BATTERY" on 10/01/1996 & 10/26/1996 without severity/disposition Applicant disclosed "PLEAD NOLO CONTENDRE TO A SINGLE COUNT OF DOMESTIC VIOLENCE".

**Officer Recommendation:**
**Date Vetted:** 2019-05-09
**Vetting Officer:**

**Supporting Information (Internal):**

**Denial Reasons/Comments (Sent to Applicant):**

## Name Variants, Query Results & Questions

## *APPLICANT NAME VARIANTS QUERIED (x3)*

MCLEAN, THOMAS
MCLEAN, THOMAS RICHARD
MCLEAN, THOMAS R



2019-05-07| THOMAS R | MCLEAN |
Match to FBI# 342732DB3. One(1) conviction for  Positive Relevant
"DUI OF ALCOHOL OR DRUGS" on 09/19/2010. Two(2) separate



arrest/charges for "BATTERY" on 10/01/1996 & 10/26/1996 without severity/disposition. Applicant disclosed "PLEAD NOLO CONTENDRE TO A SINGLE COUNT OF DOMESTIC VIOLENCE".



2019-05-07|
2019-05-07|
2019-05-07| THOMAS | MCLEAN |
2019-05-07| THOMAS R | MCLEAN
2019-05-07| THOMAS R | MCLEAN
2019-05-07| THOMAS | MCLEAN |
2019-05-07| THOMAS | MCLEAN |
2019-05-07| THOMAS R | MCLEAN |
2019-05-07| THOMAS R | MCLEAN
2019-05-07| THOMAS | MCLEAN |
2019-05-07| THOMAS R | MCLEAN |
2019-05-07| THOMAS | MCLEAN | 1
2019-05-07| THOMAS | MCLEAN |
2019-05-07| THOMAS R | MCLEAN
2019-05-07| THOMAS | MCLEAN | 1
2019-05-07| THOMAS R | MCLEAN |
2019-05-07| THOMAS R | MCLEAN |
2019-05-07| THOMAS | MCLEAN |
2019-05-07| LE
2019-05-07 |
2019-05-07 |
2019-05-07 |
2019-05-07| THOMAS R | MCLEAN
2019-05-07| THOMAS | MCLEAN |

# Exhibit F2





U.S. Department of Homeland Security
Washington, DC 20229

**U.S. Customs and
Border Protection**

DIS-3-OT:RR:FAPL
CBP-AP-2020-028745ptl

February 25, 2020

Mr. Thomas McLean
4970 Park
Shawnee, KS 66216

RE:   Freedom of Information Act (FOIA) Appeal: Global Entry Denial;
CBP-2020-010649; No Records

Dear Mr. McLean:

This is our decision regarding the appeal you submitted to our office regarding the response of the U.S. Customs and Border Protection (CBP) Freedom of Information Act (FOIA) Division to your initial FOIA request for information relating to the denial of your Global Entry membership application. The FOIA Division response stated that they had been unable to locate any responsive records (CBP-2020-010649). We have reviewed the initial FOIA Online request you submitted and disagree with the FOIA Division decision. Accordingly, we are reversing that decision and issuing the following decision.

When you filed your appeal, you asked that we "disclose the reason for the denial OR [emphasis in original] provide the complete file associated with application to the program."

We would like to begin by explaining to you that the responsibility of the office you wrote to, the FOIA Appeals, Policy and Litigation Branch, is limited to reviewing decisions made by the CBP FOIA Division to ensure that all responsive records that are controlled or maintained by CBP have been obtained, reviewed and released in accordance with the FOIA for all requests made pursuant to the FOIA for CBP records. This office does not have the ability or authority to pose

questions to, or explain actions taken by any of the CBP Program offices, such as the Trusted Traveler Program Office – and you are aware that the Global Entry Program is one of the Trusted Traveler Programs. Our office can provide records, but, according to the statute, we cannot answer questions related to those records. If you want to ask questions about the decisions of a Trusted Traveler Program office, you will have to make an appointment with a representative of that office. Unfortunately, this office cannot assist you in that matter. However, we will suggest that you write to the CBP Trusted Traveler Ombudsman and try to explain the concerns about your situation. Instructions on how to contact the Ombudsman will also be provided later in this letter.

Because your FOIA request (and appeal) asked for records related to your Global Entry application denial, our office searched the Global Enrollment System (GES) database. This search located seven (7) pages of records. These records were located in the GES which is the system used to adjudicate applications to enter the United States by any available form of automated or other expedited inspection, including that offered to travelers arriving in the United States via dedicated commuter lanes, to pedestrians and vehicles arriving at remote ports of entry, to pedestrians and vehicles arriving at other land borders, and to air travelers. When you applied to participate in the Global Entry Program, you submitted biographical information to CBP which was entered into GES. Information in GES is used to determine whether applicants are admitted into and can continue to participate in the various Trusted Traveler Programs (Global Entry, SENTRI, NEXUS, and FAST) administered by CBP. After reviewing the records retrieved we have determined that our office is able to release the biographical data you provided to CBP as well as the other pages of records. However, certain information that is contained in these records is again being withheld because it is exempt from disclosure pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA. The types of information covered by the exemptions that have been applied are explained later in this letter.

As you are aware, the FOIA "was enacted to facilitate public access to Government documents." U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991). The FOIA provides that government agencies shall make available to the public a broad spectrum of information, but exempts from its mandate certain specified categories of information. EPA v. Mink, 410 U.S. 73, 74 (1973). Thus, despite the primary goal of the FOIA to promote openness, "Congress realized that legitimate governmental and private interests could be harmed by release of certain types of information and provided nine specific exemptions under which disclosure could be refused." FBI v. Abramson, 456 U.S. 615, 621 (1982).

FOIA Exemption (b)(6) was applied to these records to protect the names and identifying information of CBP employees where it appears in the records. FOIA Exemption (b)(6) provides for the exemption from disclosure of "personnel and medical files and similar files." 5 U.S.C. § 552(b)(6). The United States Supreme Court in United States v. Washington Post Co., 456 U.S. 595 (1982)

stated in reliance on legislative history of the FOIA that the phrase "personnel and medical and similar files" was to be broadly interpreted. Once the threshold requirement that the records are "personnel and medical and similar files" is met, the issue becomes whether disclosure of the information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The resolution of this issue involves a balancing of the public's right to know the information against the individual's right to privacy. See Department of Air Force v. Rose, 425 U.S. 352 (1976).

In addition to the application of Exemption (b)(6), the names and other identifying information of CBP employees are withheld under Exemption (b)(7)(C). Exemption (b)(7)(C) exempts from disclosure "records and information compiled for law enforcement purposes" the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption (b)(7) applies to civil, criminal, and administrative law enforcement proceedings, and protects, among other information, the identity of law enforcement personnel and third parties referenced in files compiled for law enforcement purposes. Exemption (b)(7)(C) is asserted to protect the identities and contact information of CBP employees responsible for creating the records in question and conducting the law enforcement activities. The primary consideration is to protect individual whose names appear in records and CBP employees as individuals from unnecessary, unofficial questioning and harassment as to the conduct of their duties. .

The GES records we are releasing, that contain the names or identifying information of CBP personnel, meet the requirement for being compiled for law enforcement purposes. CBP is a law enforcement agency with enforcement responsibilities for over 400 federal statutes. Therefore, many of the files created and maintained by CBP are directly related to law enforcement operations. CBP's mission is to protect the borders of the Unites States by enforcing the customs and immigration laws of the United States, and fostering our Nation's economy through lawful international trade and travel. Given the nature of your request and the location of the responsive records, the records being released with this letter are law enforcement records because such records are compiled in direct relation to CBP's law enforcement mandate to protect the U.S. borders. Further, the individuals whose privacy would be subject to invasion are identified in the records, and the invasion of that privacy is unwarranted. There is no public interest to be served by placing the identities and contact information of CBP employees before the public. Thus, we conclude that Exemption (b)(7)(C) is applicable to the information and records withheld from disclosure.

Exemption (b)(7)(E) authorizes the withholding of records and information that consist of or reveal a law enforcement "technique" or "procedure" when that technique or procedure is employed in law enforcement investigations. See Nowak v. IRS, 2000 U.S. App. LEXIS 948 (9th Cir. 2000). Information that has a law enforcement purpose where disclosure would risk circumvention of law and

agency regulations is being withheld under Exemption (b)(7)(E). Disclosure of the information in this matter would disseminate techniques or procedures used in law enforcement investigations and detection of violators, and it is reasonably foreseeable that disclosure would risk circumvention of the law by disclosing administrative procedures, steps/guidelines followed, in regard to the operational responsibilities discussed and assigned to CBP personnel, and by handling the information in an operational context by the CBP enforcement officers. In this instance, Exemption (b)(7)(E) is being applied to certain computer function instructions, file location identifiers and analytical processes used by CBP as it performs its duties at the border and as it manages the Trusted Traveler Programs. These procedures, steps and codes are not generally known to the public, and, if released, they could be facilitate circumvention of the laws by those inclined to do so.

We would again like to emphasize that our office is the FOIA Appeals office. This office only has the ability and authority to obtain and release records to you that are maintained by CBP. We are not an office that makes decisions regarding eligibility for the Global Entry Program. We cannot provide answers for the decisions or actions of program offices nor do we have the ability or authority to modify the decision of any other office. This office does not have either the capability or authority to resolve issues or explain the operations of the Global Entry Program or any other program. That is a matter you should discuss with either a CBP field office or the CBP Ombudsman. If you believe there has been some misunderstanding with respect to your application, or have any documentation which might assist help you obtain Global Entry membership, you should submit it when you contact the CBP Trusted Traveler Ombudsman at:

US Customs and Border Protection
P.O. Box 946
Williston, VT 05495
Attention: CBP Ombudsman

In the event that you are dissatisfied with the disposition of your appeal, you may obtain judicial review of this decision pursuant to the provisions of 5 U.S.C. §552(a)(4)(B) in the United States District Court in the District in which you reside, in the District where the agency records are situated, or in the United States District Court for the District of Columbia.

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS in any of the following ways: Office of Government Information Services; National

Archives and Records Administration; Room 2510; 8601 Adelphi Road; College
Park, MD 20740-6001.  E-mail: ogis@nara.gov; Telephone: 301-837-1996;
Facsimile: 301-837-0348; Toll-free: 1-877-684-6448.

Sincerely,

*Shari Suzuki*

Shari Suzuki, Chief
FOIA Appeals, Policy & Litigation Branch

# Exhibit G

25 Feb 2020

My application (#154419712) for the Global Traveler's program was denied without reason. Based on the information that I received today from FIOA (Appeal #CBP-AP-2020-028745plt) the reason for the denial of my application is my failure to disclose a DUI arrest (2010) and an address for domestic violence (1996 or 97). I was never convicted for these arrests.

The question asked on the application form was have you ever been convicted of a crime. I WAS NOT ASKED ABOUT MY ARRESTS ON THE APPLICATION-ONLY CONVICTIONS. I am an attorney and trained only to answer the questions I am asked.

I think it is unfair and wish to protest the fact that if I wish to participate in the Global Travelers' program I must reapply and pay $100. I truthfully answered the questions that were asked of me at the time of my application. In addition, at the time I applied for reconsideration there was no way I could have known that the CPB wanted my complete criminal history- see my filing for above referenced FOIA appeal.

According, I respectfully reconsideration of my initial application; and that if I have to reapply for the Global Traveler's program that the CPB waive the $100 filing fee.

Please advise,

Respectfully,

Tom McLean

# Exhibit H

Jmail - Case 200225-2052934: TCC Question [ ref:_00Dt0LB...          https://mail.google.com/mail/u/0?ik=50d18bc20t&view=pt&se...

 **Gmail**                                      **Third Millennium Consultants <tmcllc1999@gmail.com>**

---

## Case 200225-2052934: TCC Question [ ref:_00Dt0LBIM._500t0SJmhU:ref ]
1 message

**CMS Email2Case Route <cbpinfocenter@cbp.dhs.gov>**                    Wed, Feb 26, 2020 at 7:08 PM
To: "tmcllc1999@gmail.com" <tmcllc1999@gmail.com>

Thank you for contacting the U.S. Customs and Border Protection (CBP) Information Center.

Denied or Revoked Trusted Travelers:

Our office is unable to provide you with a reason or give you a further explanation as to why your application
was denied or revoked.  Please be advised that having a criminal record or past violation of CBP
laws/regulations/policies may render a person ineligible for participation in the Trusted Traveler Programs.
These programs have strict criteria for participation.

Your personal Trusted Traveler Program (TTP) Dashboard has a letter on file that provides the reason(s) for
your denial or revocation.  Please review your TTP account and the letter of denial provided.  Letters
regarding membership are stored in your TTP Dashboard under "Notifications". The letter should display in a
pop-up window. Before clicking on the letter, make sure you have turned off any pop-up blockers.

**You can only submit a request if you were denied/revoked less than one year ago.  If you were denied or
revoked more than one year ago or you already submitted reconsideration request and was denied,
you will need to submit a new Trusted Traveler membership application.**

If you currently have a new application for a Trusted Traveler program pending.  You must wait until a decision
has been made regarding your application.  Once it has been reviewed, you will receive a notification on the
status of your membership.  If you are again denied, you will then be able to submit and request for
reconsideration.

The Trusted Traveler Program is a voluntary program that offers expedited customs clearance for those who
submit to background investigations. **It was promulgated through the rulemaking process and 8 CFR
103.7 stipulates there are no refunds, because fees charged offset the program costs associated with
background investigations.  All of our fees are non-refundable.  These were the terms and conditions
that you agreed to prior to payment.** Unfortunately, a refund cannot be processed.

**Please note that reversing payment via a credit card will prompt your application be denied and you
will receive a bill from CBP for the non-refundable application fee.**

Please reply to this email if you need further assistance and we will investigate how we may further assist
you.

Further information on qualifications can be found on the TTP Web page http://www.cbp.gov/travel/trusted-
traveler-programs.

Thank you again for contacting the Information Center.

NOTE:  The answers provided in this forum are for general information purposes only.  Utilizing this forum
does not constitute reasonable care under the Informed Compliance guidelines.

ref:_00Dt0LBIM._500t0SJmhU:ref

---

f 1                                                                              3/2/2020, 11:22 AM

# Exhibit I



To Make Payments Click Accounting Button

| Case No | 969V00060 | Judge | TIMOTHY P MCCARTHY | Division | 13 | | Status | P |
| Last Name | MCLEAN | First Name | THOMAS | Mid Name | RICHARD | | Suf | |
| Race/Sex/DOB | W/M 04/03/56 | Prob Ofcr | | Def Atty | | | Pros | HILL, S |

Search | CASE HISTORY (ROA) | Charges | Accounting | Calendar | Other Cases

Print Friendly

| | Original | Suspended | Final |
| Jail Time | | | |
| Probation | | | |

| | Section | Date | Title | ACS | Drug | PL | Finding | TP | LVL | PN | Sent Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Count 1 | 21-3412 | 07/13/76 | BATTERY | | | NG | DISMISS BY PROS | M | B | P | |

# Exhibit J

## DOCKET SHEET

| DEFENDANT'S NAME AND ADDRESS | CASE NUMBERS |
|---|---|

THOMAS R MCCLEAN
~~4970 PARK~~
~~SHAWNEE KS  06214~~

10002980   09/19/10   DUI                                          7/0
10002981   09/19/10   REFUSAL OF PRELIMINARY BREATH TEST   100
10002982   09/19/10   DISOBEY TRAFFIC LIGHT/STEADY RED       50
                              INDICATION

$865

**ATTORNEY:**

**INTERPRET:**

CLOSED
3/5/12

## COURT NOTES

DATE  Ct 19 2010 @ 11 AM ARR

9-30-10  atty enters appearance req to liaise
on 10-19-10

10-19-10  D appears by counsel.  Cnt R DV.

11-16-10 / 3p

11/18/10 Def app by atty.  wants DV.  con'l 4-wd.

11/6/11  3 pm.

11/6/11 Def appears by atty.
                                              gtfer mal

                                              2-24-11-6 3/p
                                                          3:00

2/8/11 Letter recd - no trial - diversion

Case closed  3/5/12
Diversion/Probation
Successfully completed

KDR 300010896515                                    Alert#