IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS R. MCLEAN,             )
                                       )
             Plaintiff,       )
                                       )
v.                                 )     Case No.  20-2145-JWB
                                     )
MARK A. MORGAN, in his capacity as the )
Acting Commissioner of the          )
UNITED STATES CUSTOMS AND    )
BORDER PROTECTION,          )
                                     )
             Defendant.     )
_____)

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's motion for summary judgment (Doc. 3) and Defendant's motion to dismiss (Doc. 10).  The motions have been fully briefed and the court is prepared to rule.  (Docs. 11, 12, 15, 16.)  For the reasons stated herein, the motions are DENIED and this matter is REMANDED to the agency.

### I.      Background and Procedural History

Highly summarized, Plaintiff Thomas McLean applied online to participate in the Global Entry program, which would allow him to expeditiously enter the United States after traveling internationally.  His application was denied, and he has brought suit to challenge the agency's determination.  This background and procedural history contain an overview of the Global Entry program and the limited administrative record in this case.

In 2007, a new law was enacted which required the Secretary of the Department of Homeland Security ("DHS") to create an "international registered traveler program…to expedite the screening and processing of international travelers…"  8 U.S.C. § 1365b(k)(3).  The program

1

was required to have a reasonable cost of enrollment, allow for convenient enrollment, and provide applicants with clear and consistent eligibility guidelines. *Id.* Under the statute, DHS was to "initiate a rulemaking to establish the program, criteria for participation, and the fee for the program." *Id.*

On April 11, 2008, Defendant United States Customs and Border Protection ("CBP") announced that a pilot program was to commence on June 10, 2008, at three airports. *See* 73 Fed. Reg. 19861 (Apr. 11, 2008). In May 2008, CBP announced that the name of the program was Global Entry and the starting date would be moved up to June 6, 2008. *See* 73 Fed. Reg. 30416 (May 27, 2008). The program continued to expand to additional airports. CBP published the proposed rule for the Global Entry program on November 19, 2009. *See* 74 Fed. Reg. 59932 (Nov. 19, 2009).

The final rule was adopted with some changes to the proposed rule. *See* 77 Fed. Reg. 5681 (Feb. 6, 2012). According to the regulation,

> The Global Entry program is a voluntary international trusted traveler program consisting of an integrated passenger processing system that expedites the movement of low-risk air travelers into the United States by providing an alternate inspection process for pre-approved, pre-screened travelers. In order to participate, a person must meet the eligibility requirements specified in this section, apply in advance, undergo pre-screening by CBP, and be accepted into the program. The Global Entry program allows participants expedited entry into the United States at selected airports identified by CBP at www.globalentry.gov. Participants will be processed through the use of CBP–approved technology that will include the use of biometrics to validate identity and to perform enforcement queries.

8 C.F.R. § 235.12(a).[1]

The regulation sets forth the individuals who are eligible, which include United States citizens. The regulation also identifies disqualifying factors.

---

[1] The court notes that Defendant's brief cites throughout to the notice of proposed rulemaking and does not cite to the regulation. (Doc. 11.)

An individual is ineligible to participate in Global Entry if CBP, at its sole discretion, determines that the individual presents a potential risk for terrorism, criminality (such as smuggling), or is otherwise not a low-risk traveler. This risk determination will be based in part upon an applicant's ability to demonstrate past compliance with laws, regulations, and policies. Reasons why an applicant may not qualify for participation include:

(i) The applicant provides false or incomplete information on the application;
(ii) The applicant has been arrested for, or convicted of, any criminal offense or has pending criminal charges or outstanding warrants in any country;
(iii) The applicant has been found in violation of any customs, immigration, or agriculture regulations, procedures, or laws in any country;
(iv) The applicant is the subject of an investigation by any federal, state, or local law enforcement agency in any country;
(v) The applicant is inadmissible to the United States under applicable immigration laws or has, at any time, been granted a waiver of inadmissibility or parole;
(vi) The applicant is known or suspected of being or having been engaged in conduct constituting, in preparation for, in aid of, or related to terrorism; or
(vii) The applicant cannot satisfy CBP of his or her low-risk status or meet other program requirements.

8 C.F.R. § 235.12(b)(2).

To apply, an applicant must submit the application electronically.  The applicant will then be interviewed in person.  During the interview, biometric information will be collected so that a background check can be performed.  *Id.*, § 235.12(e).  If an applicant is denied participation in Global Entry, "CBP will notify the applicant of the denial, and the reasons for the denial. CBP will also provide instructions regarding how to proceed if the applicant wishes to seek additional information as to the reason for the denial." *Id*., § 235.12(j).  Upon denial, an applicant has three possible "methods for redress:" an applicant may contest his denial at the enrollment center where the interview was conducted; "initiate the redress process through" the DHS Traveler Redress Inquiry Program; or contest a denial in writing to the CBP Trusted Traveler Ombudsman.  *Id.*, § 235.12(k).

An individual who is denied participation is not prohibited from travelling internationally. Rather, the individual must proceed through customs as other international travelers and may not use the dedicated lanes for the Global Entry participants.  (Doc. 12, Exh. 1 at 8.)

In February 2019, Plaintiff submitted an online application for the Global Entry program. The application asked Plaintiff if he had been convicted of a criminal offense.  Plaintiff responded that he had pleaded nolo contendere to a count of domestic violence in 1996.  There were no questions regarding any previous arrests.  In response to whether Plaintiff had violated customs or immigration laws, Plaintiff stated "No."  (Doc. 12, Exh. 1 at 6.)  Reviewing the administrative record, in May 2019, a risk assessment worksheet was performed by CBP.  The relevant portion states that there was a match to Plaintiff's name that showed a

> conviction for 'DUI OF ALCOHOL OR DRUGS' on 9/19/2010.  Two (2) separate arrest/charges for 'BATTERY' on 10/01/1996 & 10/26/1996 without severity/disposition.  Applicant disclosed 'PLEAD NOLO CONTENDRE [sic] TO A SINGLE COUNT OF DOMESTIC VIOLENCE.'  EC, review IAFIS results….Due to unknown severity/disposition, request certified court documents to confirm date(s), severity and final disposition of any/all charges.  Post results of court document review in GES biographic comments.  Apply strict standard policy to determine eligibility.  Applicant does not appear to meet Strict Standards (Multiple convictions would be disqualifying).

(*Id.* at 7-8.)

The record does not identify the source of this information that is recorded on the risk assessment.  Plaintiff's criminal records or results of a criminal records search are not contained in the record.  On September 30, 2019, Defendant denied Plaintiff's application with the following reason: "You have been convicted and/or arrested for a criminal offense [] Application denied due to past criminality."  (*Id.* at 10.)  The letter then stated that if Plaintiff believed the "decision was based upon inaccurate or incomplete information, you may be eligible to request reconsideration through the Trusted Traveler Program application website…."  (*Id.*)  Reconsideration requests

were to include 1) the date of denial and reason; 2) summary of information to clarify a record or explain an incident or arrest; 3) court disposition documentation in PDF format for all arrests or convictions, even if expunged; and/or 4) other supporting documentation.  (*Id.*)

Although the letter was addressed to Plaintiff's home, Defendant states that it was not mailed.  Rather, an email was sent to Plaintiff that stated that there was a change of status on his application and instructed him to login in to the website to view the change.  Defendant asserts that Plaintiff "should have been able to access the change status letters."  (Doc. 16 at 5.)   The email is not contained in the record.

Plaintiff contends that he only was notified that his application was denied and there was no reason provided.  Plaintiff asserts that he did not receive the initial denial letter that is in the letter but that the document he did receive is no longer in his online account.  (Docs. 3 at 2; 15 at 2.)  Plaintiff requested reconsideration but did not submit any documents.  Plaintiff's request for reconsideration was denied.  The denial stated that the reason was as follows: "You have been convicted and/or arrested for a criminal offense [] Application denied due to past criminality." (Doc. 12, Exh. 1 at 12.)  Again, the denial letter was not mailed but an email was allegedly sent advising Plaintiff of a change in status and to check the website.  The email is not contained in the record.   The administrative record shows that the ombudsman sustained the denial for the following reason: "denial sustained for applicant who did not provide any background information or court documents stating the severity level and final disposition for his (2) Battery arrests in 1996 and his DUI in 2010.  Applicant does not meet the eligibility requirements at this time." (*Id.* at 13.)

Plaintiff filed this action seeking review of Defendant's decision.  (Doc. 1.)  Plaintiff asserts that the decision was arbitrary and capricious in that it failed to provide him with a reason for the

denial; the application only asked for prior convictions; Defendant has engaged in a bait and switch strategy to deny applicants with arrests; and Defendant has frustrated Congress' intentions for the program by failing to articulate clear eligibility guidelines.  (*Id.* at 4.)

Plaintiff has now moved for summary judgment and Defendant has moved for dismissal.

## II.     Standard

The statute at issue does not provide for a private right of action.  Therefore, as CBP is a government agency its decision may be subject to review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.  *Wild Watershed v. Hurlocker*, 961 F.3d 1119, 1125–26 (10th Cir. 2020).  "The [APA] makes final agency action for which there is no other adequate remedy in a court subject to judicial review."  *Utahns for Better Transp. v. United States Dep't of Transp.*, 305 F.3d 1152, 1164 (10th Cir. 2002).  There are exceptions to judicial review under the APA.  A court may not review an agency decision if the statute precludes judicial review or if the action is committed to agency discretion.  *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1905 (2020).  The second exception, argued by Defendant here, is to be read "quite narrowly."  *Id.*

If the decision is subject to review, the APA provides that a court may set aside the decision if it is:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence ...
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

§ 706(2).

Plaintiff asserts that Defendant's denial was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.  In reviewing the decision, the court "must ensure that the agency decision was based on a consideration of the relevant factors and examine whether there has been a clear error of judgment." *Wild Watershed*, 961 F.3d at 1126.  "Agency action will not pass muster where the agency relies on factors which Congress did not intend it to consider, fails to consider an important aspect of the problem, offers an explanation for its decision that runs counter to the evidence before it, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.*  The court is to accord agency action "a presumption of validity." *Id.*  Nevertheless, the court must "engage in a substantive review of the record." *Id.*

The record must show that there was a "reasoned basis for the agency's action." *Morris v. U.S. Nuclear Regulatory Comm'n*, 598 F.3d 677, 701 (10th Cir. 2010) (citation omitted).  "The agency must make plain its course of inquiry, its analysis and its reasoning." *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1575 (10th Cir. 1994).  Along with the requirement that the agency provide a reasoned basis, "the arbitrary or capricious standard requires an agency's action to be supported by the facts in the record." *Id.*  Agency action will be set aside if it is not supported by substantial evidence.[2] *Id.*  "Evidence is substantial in the APA sense, if it is enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion to be drawn is one of fact." *Id.*

---

[2] The Tenth Circuit explained this basis as follows:

> This is not to substitute the "arbitrary or capricious" standard applicable to informal agency action under § 706(2)(A) with the arguably more stringent standard of review applicable to formal agency action under § 706(2)(E). It is simply an acknowledgment that "[w]hen the arbitrary or capricious standard is performing that function of assuring factual support, there is no substantive difference between what it requires and what would be required by the substantial evidence test, since it is impossible to conceive of a 'nonarbitrary' factual judgment supported only by evidence that is not substantial in the APA sense."

*Olenhouse*, 42 F.3d at 1575 (citations omitted).

Plaintiff has moved for summary judgment and Defendant has moved for dismissal.  A court's review of agency action is to be processed as an appeal.  *Id.* at 1580.  Courts are not to consider a motion for summary judgment which would shift the burden to the agency.  *Id.* at 1579-80.  This court's rules require the agency to file the record and then the parties are to submit briefing on the issues.  *See* D. Kan. R. 83.7.1.  Although the court will deny the motion for summary judgment on the basis that such a motion is improper in this proceeding, the court will consider the parties' briefing, including Plaintiff's arguments in his motion for summary judgment, in ruling on Plaintiff's complaint which is to be treated as an appeal.

Defendant asserts that the court should not consider Plaintiff's exhibits and affidavit which are attached to his motion for summary judgment.  The court is normally restricted to the record before the agency when reviewing agency action.  *Citizens For Alternatives To Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1096 (10th Cir. 2007).  There are, of course, exceptions to this rule in "extremely limited circumstances," such as, where the agency ignored relevant factors that should have been considered, the agency considered factors that were left out of the record, or if there is a strong showing of bad faith.  *Id.*  Plaintiff asserts the court can review the exhibits because they constitute necessary background information, citing *Northern Crawfish Frog (Rana Areolata Circulosa) v. Federal Highway Admin.*, 858 F. Supp. 1503, 1508 n. 6 (D. Kan. 1994) (citations omitted), *aff'd*, 162 F.3d 1046 (10th Cir. 1998).  Although this case states that "necessary background information" is an exception, it does not explain what can constitute necessary background information and Plaintiff does not address how each exhibit and his affidavit would be necessary background information.  The majority of the exhibits detail Plaintiff's exhaustive attempts at obtaining a reason for the denial of his application.  As the emails were sent after the second denial by Defendant, the court will not consider them.  The court also will not

consider Plaintiff's affidavit which recounts his application, request for reconsideration, and all of the requests for information.  Plaintiff has also attached as exhibits his court records from his previous arrests, which appear to be a computer screenshot from the docket sheet in the assault case and the docket sheet in the DUI case.  Unfortunately, Plaintiff has not properly authenticated these documents and Defendant has objected to all exhibits as unauthenticated.  (Doc. 12 at 4.) Therefore, the court will not consider these exhibits.

### III.  Analysis

#### A.  Decision Reviewable under the APA

At the outset, Defendant moves for dismissal on the basis that judicial review is unavailable.  Defendant argues that the statute providing for the creation of the Global Entry program does not set forth eligibility criteria and, as a result, admission to the program is up to the agency's sole discretion citing to *Roberts v. Napolitano*, 792 F. Supp.2d 67, 73–74 (D.D.C. 2011).[3] As explained, under the APA, "judicial review is unavailable where 'agency action is committed to agency discretion by law.'"  *City of Albuquerque v. U.S. Dep't Of Interior*, 379 F.3d 901, 916 (10th Cir. 2004) (citing 5 U.S.C. § 701(a)(2)).  This provision is "only applicable when there is 'no law to apply' or where there is 'no meaningful standard against which to judge the agency's exercise of discretion.'"  *Id.* (citing *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).  Notably, the Tenth Circuit has held that "law to apply" can refer to the agency's regulations in addition to the statute.  *Id.*

In *Napolitano*, the court only discussed the statute when determining that there were "no judicially manageable standards."  792 F. Supp.2d at 74.  Notably, the proposed regulation had yet to become final at that time.  The Supreme Court has recently reiterated that this exception for

---

[3] This case appears to be the only court that has addressed this issue.

judicial review is to be read "quite narrowly." *Regents of the Univ. of California*, 140 S. Ct. at 1905. While Defendant has discretion to deny participation in the program, the statute required Defendant to establish eligibility factors and to make those clear to the applicant. The eligibility criteria and disqualifying criteria are set forth in the regulation. Although the regulation references agency discretion, the court has law to apply in this matter as the regulation clearly sets forth factors which the agency will consider in denying participation.

Therefore, Defendant's motion to dismiss on the basis that judicial review is unavailable is denied.

### B.  Was the Denial Arbitrary and Capricious?

Alternatively, Defendant moves for dismissal on the basis that the denial was in accordance with the regulation which states that a conviction and/or an arrest is a basis for ineligibility. Plaintiff asserts that the denial of his application was arbitrary and capricious because he was not provided a reason for the denial, Defendant failed to inquire about his prior arrests but then used those arrests to disqualify him, and Defendant failed to inform him that his prior arrests which did not result in a conviction could result in his ineligibility. (Doc. 25.) Plaintiff argues that Defendant is required to inform applicants of the eligibility criteria and that it failed to do so by not informing applicants on its website of the ineligibility due to prior arrests.

Turning to the initial denial, Defendant's reason in the letter states that "You have been convicted and/or arrested for a criminal offense [] Application denied due to past criminality." (Doc. 12, Exh. 1 at 8.) The APA requires "agencies to engage in 'reasoned decisionmaking.'" *Regents of the Univ. of California*, 140 S. Ct. at 1905 (citing *Michigan v. EPA*, 576 U.S. 743, 750 (2015)). In reviewing the decision, the court "must determine whether the agency considered the relevant data and rationally explained its decision." *Ariz. Pub. Serv. Co. v. U.S. EPA*, 562 F.3d

1116, 1122 (10th Cir. 2009).  Even if the agency's decision is explained "with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned." *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004) (internal quotations and citation omitted).  "In addition to requiring a reasoned basis for agency action, the arbitrary or capricious standard requires an agency's action to be supported by the facts in the record." *Harts v. Johanns*, 433 F. Supp. 2d 1251, 1255 (D. Kan. 2006)(citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).  Moreover, in order to be upheld, "it must be on the basis articulated by the agency." *Id.*  "The agency must make plain its course of inquiry, its analysis and its reasoning." *Id.* (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43).

Defendant's reasoning in this matter is not entirely clear.  Rather, the language is conclusory and merely parrots the language in the regulation regarding criminality.  The denial letter does not provide any indication as to what conviction or arrest caused Defendant to deny Plaintiff's application.  Defendant asserts that Plaintiff's application was denied because of his conviction for domestic violence.[4]  (Doc. 12 at 16.)  Defendant further asserts that this denial was well-reasoned.  *Id.*  The record, however, does not support this assertion and the agency cannot argue a different reasoning on appeal.  *Olenhouse*, 42 F.3d at 1575 ("After-the-fact rationalization by counsel in briefs or argument will not cure noncompliance by the agency with these principles.")  While the regulation at issue would provide a basis to deny Plaintiff's application due to a single conviction, the record does not support a finding that that is what Defendant did in

---

[4] In Defendant's reply brief, Defendant also suggests that the denial was due to the conviction and arrest for DUI. (Doc. 16 at 1.)  This is also not supported by the record.  The risk assessment worksheet states that Plaintiff was convicted for DUI and that multiple convictions are a basis for denial.  (Doc. 12, Exh. 1 at 8.)  There is nothing in the record that indicates that Defendant was denying participation due to Plaintiff's DUI arrest.

this case and the court cannot "supply a reasoned basis that the agency itself has not given." *Id.* (citations omitted).

A review of the record shows that Defendant was concerned that Plaintiff had multiple convictions and noted that "[m]ultiple convictions would be disqualifying." (Doc. 12, Exh. 1 at 6.) Plaintiff's application disclosed one conviction. The risk assessment performed by the agency also states that Plaintiff had a conviction for DUI of alcohol or drugs on September 19, 2010. The record, however, does not support this fact. Although there is a risk assessment that was performed by someone at CBP, there are no correlating records to show where that information was obtained. Nor are Plaintiff's actual criminal records contained in the agency's record. But it appears that Defendant denied Plaintiff's application because Defendant determined that Plaintiff had multiple convictions. This determination is not supported by the record. Plaintiff identified a single conviction of domestic violence. The risk assessment worksheet notes about a conviction are not sufficient to establish that Plaintiff had a conviction for DUI without any evidence in the record that supports this finding. Based on the filings, the parties do not dispute that Plaintiff was arrested for DUI but that he successfully completed diversion. (Docs. 3 at 16; 11 at 16.) Plaintiff's diversion is not contained in the agency's record.

The decision by Defendant on review by the ombudsman was also conclusory. Again, Defendant merely stated that the application was denied due to criminality. The record, however, shows that the denial was upheld because Plaintiff failed to provide documentation regarding his battery arrests and DUI. As a result, Plaintiff did "not meet the eligibility requirements at this time." (Doc. 12, Exh. 1 at 11.) There is no explanation as to what the eligibility requirements were. The only indication as to the eligibility requirements is identified in the risk assessment where it is indicated that multiple convictions were disqualifying. Contrary to Defendant's

position before the court, the record does not show that the denial was upheld due to Plaintiff's single conviction or the conviction and arrest for DUI.

Defendant argues that Plaintiff was informed of the need to provide his criminal records to the ombudsman and failed to do so.  (Doc. 11 at 17-19.)  The denial letter does state that Plaintiff was to submit criminal records for review.  The record, however, does not support a finding that Plaintiff received the initial denial letter.  Defendant admits that the letters were not mailed to Plaintiff nor were they emailed to Plaintiff.  (Doc. 16 at 4-5.)  Rather, an email was allegedly sent to Plaintiff that informed him of a change in status and Plaintiff was to log on to see the letters. Defendant, however, has not shown that this is what occurred in this case.  The record is silent as to any emails that were sent and whether Plaintiff was able to log on to the website and see the letters.

Moreover, the regulation at issue requires the agency to provide notification of the denial, along with the "reasons," and to provide "instructions regarding how to proceed if the applicant wishes to seek additional information as to the reason for the denial."  8 C.F.R. § 235.12(j). Although the agency included a conclusory reason, the record lacks evidence that Plaintiff received notification and the denial letter, if received by Plaintiff, did not provide any instructions to seek additional information.

Based on a review of the record, the court finds that Defendant denied Plaintiff's application due to having multiple convictions.  Substantial evidence does not support this reason. The Tenth Circuit has held that: "If the record before the agency does not support the agency action, if the agency has not considered all the relevant favors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course,

except in rare circumstance, is to remand to the agency for additional investigation or explanation."
*Middle Rio Grande Conservancy Dist. v. Norton*, 294 F.3d 1220, 1226 (10th Cir. 2002).

A remand to the agency is necessary in this case. At that time, Plaintiff may submit, and Defendant must consider, Plaintiff's criminal records regarding the battery arrests and DUI. Defendant must then either grant or deny Plaintiff's application and provide a reasoned explanation for the decision. The court expresses no opinion on the outcome of the matter on remand. As noted above, although Defendant could have denied participation due to Plaintiff's single conviction and other arrests under the regulation, Defendant did not do so. The court cannot uphold the decision based on a reason that was not articulated by Defendant.

The court denies Plaintiff's request to refund his application fee and order his participation in the Global Entry program. The Tenth Circuit has instructed courts to remand agency decisions for additional investigation or explanation. Plaintiff has not cited to any authority which would provide the relief that he seeks.[5]

## IV.    Conclusion

Plaintiff's motion for summary judgment (Doc. 3) and Defendant's motion to dismiss (Doc. 10) are DENIED. This matter is REMANDED to CBP for action consistent with this opinion.

IT IS SO ORDERED. Dated this 28th day of August 2020.

        s/ John W. Broomes
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff has also conceded that he does not have standing for the relief he sought in his initial complaint to require the agency to review prior denials of other applicants. (Doc. 15 at 2.)